# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**  **2. PLEASE TYPE OR PRINT**  **3. STAPLE ALL ADDITIONAL PAGES**

| | |
|---|---|
| **Case Caption:** FRANCOIS v. VICTORY AUTO GROUP LLC et al | **District Court or Agency:** Southern District of NY / **Judge:** Hon. Jed S. Rakoff |
| | **Date the Order or Judgment Appealed from was Entered on the Docket:** October 1, 2025 / **District Court Docket No.:** 22-cv-0447(JSR) |
| | **Date the Notice of Appeal was Filed:** October 31, 2025 / **Is this a Cross Appeal?** ☐ Yes ☑ No |

**Attorney(s) for Appellant(s):**
☐ Plaintiff
☑ Defendant

| Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|
| John L. Russo | 31-19 Newtown Ave Suite 500 Astoria, NY 11102 | (718) 777-1277 | | jlrussopc@gmail.com |

**Attorney(s) for Appellee(s):**
☑ Plaintiff
☐ Defendant

| Counsel's Name: | Address: | Telephone No.: | Fax No.: | E-mail: |
|---|---|---|---|---|
| Ahmad Keshavarz | 16 Court Street #2600 Brooklyn, NY 11241 ahmad@newyorkconsumerattorney.com | (347) 308-4859 | (877) 496-7809 | |

| Has Transcript Been Prepared? NO | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No  If Yes, provide the following:  Case Name:  2d Cir. Docket No.:  Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A":*** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

***ADDENDUM "B":*** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

**1. Federal Jurisdiction**
☐ U.S. a party  ☐ Diversity
☑ Federal question (U.S. not a party)  ☐ Other (specify): _____

**2. Appellate Jurisdiction**
☑ Final Decision  ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))
☐ Interlocutory Decision Appealable As of Right  ☐ Other (specify): _____

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C (Rev. October 2025)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [ ] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [x] Other (specify): _Attorney fees_

**3. Relief**

- [ ] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [x] Consumer Protection
- [ ] Copyright [ ] Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**

- [ ] Yes  [x] No

Will appeal raise a matter of first impression?

- [ ] Yes  [x] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes  [x] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes  [x] No

If yes, state whether [ ] "A," or [ ] "B," or [ ] both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
|  |  |  |  |

Name of Appellant:

| Date: December 15, 2025 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

FORM C (Rev. October 2025)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

------------------------------------------------------------------X

FARAH JEAN FRANCOIS,

Plaintiff,

- against -                                          Docket No.: 25-2810

SPARTAN AUTO GROUP LLC d/b/a VICTORY
MITSUBISHI, STAVROS ORSARIS, YESSICA
VELLEJO, and DAVID PEREZ,

Defendants.

------------------------------------------------------------------X

ADDENDUM "A" TO PRE-ARGUMENT STATEMENT (FORM C)

**Description of the action:**

Appeal from and award of attorney fees to Plaintiff's counsel after settlement of the action. The $286,673.09 awarded by the District Court (Rakoff, J. U.S.D.J.) as attorney fees to Plaintiff's counsel (reduced somewhat from the $400,000.00 plus in requested fees) is wildly disproportionate to the simple liability issues in this FCRA case and the admittedly minimal damages Plaintiff sustained and should be reduced and/or reset to an amount no more than $18,975.00

A copy of the Notice of Appeal, the current District Court Docket sheet, the Relevant Decision and Order of the District Court are attached hereto.

J.L. Russo, P.C.

*John L. Russo*

Attorneys for Defendants
SPARTAN AUTO GROUP LLC
d/b/a VICTORY MITSUBISHI,

STAVROS ORSARIS, YESSICA
VELLEJO, and DAVID PEREZ
3119 Newtown Avenue, Suite 500
Astoria, NY 11102
(718) 777-1277
JLRussopc@gmail.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FARAH JEAN FRANCOIS

_(List the full name(s) of the plaintiff(s)/petitioner(s).)_

-against-

SPARTAN AUTO GROUP, LLC d/b/a
VICTORY MITSUBISHI, STAVROS ORSARIS
YESSICA VALLEJO and DAVID PEREZ

_(List the full name(s) of the defendant(s)/respondent(s).)_

__22__ CV __4447__ (JSR )( )

**NOTICE OF APPEAL**

Notice is hereby given that the following parties: SPARTAN AUTO GROUP, LLC d/b/a VICTORY MITSUBISHI

_(list the names of all parties who are filing an appeal)_

in the above-named case appeal to the United States Court of Appeals for the Second Circuit

from the ☐ judgment ☒ order entered on: OCTOBER 1, 2025

_(date that judgment or order was entered on docket)_

that: AWARDED ATTORNEY FEES AND COSTS TO PLAINTIFF'S ATTORNEYS

_(If the appeal is from an order, provide a brief description above of the decision in the order.)_

10/30/25
**Dated**

Signature*

RUSSO , JOHN L. , ATTORNEY
**Name (Last, First, MI)**

3119 Newtown Ave., Ste. 500 Astoria, NY 11102
**Address**          **City**          **State**          **Zip Code**

718-777-1277          JLRUSSOPC@GMAIL.COM
**Telephone Number**          **E-mail Address (if available)**

*Each party filing the appeal must date and sign the Notice of Appeal and provide his or her mailing address and telephone number, EXCEPT that a signer of a pro se notice of appeal may sign for his or her spouse and minor children if they are parties to the case. Fed. R. App. P. 3(c)(2). Attach additional sheets of paper as necessary.

Rev. 12/23/13

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:22-cv-04447-JSR

Francois v. Victory Auto Group LLC et al
Assigned to: Judge Jed S. Rakoff
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 05/30/2022
Date Terminated: 10/02/2025
Jury Demand: Both
Nature of Suit: 480 Consumer Credit
Jurisdiction: Federal Question

## Plaintiff

**Farah Jean Francois**

represented by **Judith Brigid Miller**
A & L, Licker Law Firm, LLC
1861 Sherman Dr
Saint Charles, MO 63303
636-916-5400
Fax: 636-916-5402
Email: judymillerstl@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew M Milz**
Flitter Milz, P.C.
4500 N. Narberth Avenue
Suite 101
Narberth, PA 19072
610-668-0018
Fax: 610-667-0552
Email: amilz@consumerslaw.com
*ATTORNEY TO BE NOTICED*

**Emma Caterine**
Law Office of Ahmad Keshavarz
16 Court Street
Ste 26th Floor
Brooklyn, NY 11241
718-522-7900
Email: ecaterine@jbosh.com
*TERMINATED: 10/31/2024*

**Ahmad Keshavarz**
The Law Office of Ahmad Keshavarz
16 Court Street
#2600
Brooklyn, NY 11241
347-308-4859
Fax: 877-496-7809
Email:
ahmad@newyorkconsumerattorney.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Victory Auto Group LLC d/b/a Victory Mitsubishi**
*TERMINATED: 07/13/2023*

represented by **Henry Nicholas Goodman**
Nicholas Goodman & Assoc, PLLC
333 Park Avenue South
Ste 3a
New York, NY 10010
212-227-9003
Email: ngoodman@ngoodmanlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Lyndon Selvey , Jr.**
Nicholas Goodman & Associates, PLLC
333 Park Avenue South
Ste 3a
New York
New York, NY 10010
917-386-2705
Email: pselvey@ngoodmanlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Spartan Auto Group LLC d/b/a Victory Mitsubishi**
*TERMINATED: 11/07/2024*

represented by **Henry Nicholas Goodman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Leo Russo**
J.L. Russo, P.C.
3119 Newtown Ave.
Ste. 500
Astoria, NY 11102
718-777-1277
Email: johnlawny@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Camille Marie Abate**
Camille M. Abate, Esq.
333 Park Avenue South
Ste 3a
New York City, NY 10010
917-386-2706
Fax: 212-937-2112
Email: c.abate71@gmail.com
*ATTORNEY TO BE NOTICED*

**Patrick Lyndon Selvey , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe 1 - 6**
*TERMINATED: 08/30/2022*

**Defendant**

**Philip Argyropoulos**                     represented by **Henry Nicholas Goodman**
*TERMINATED: 07/13/2023*                              (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Patrick Lyndon Selvey , Jr.**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Diane Argyropoulos**                      represented by **Patrick Lyndon Selvey , Jr.**
*TERMINATED: 07/13/2023*                              (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Stavros Orsaris**                         represented by **John Leo Russo**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Camille Marie Abate**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Patrick Lyndon Selvey , Jr.**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Yessica Vallejo**                         represented by **John Leo Russo**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Camille Marie Abate**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Patrick Lyndon Selvey , Jr.**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**David Perez**                             represented by **John Leo Russo**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Camille Marie Abate**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick Lyndon Selvey , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/02/2025 | | Appeal Fee Payment: for 103 Notice of Appeal. Filing fee $ 605.00, receipt number ANYSDC-32073016..(Russo, John) (Entered: 12/02/2025) |
| 11/03/2025 | 104 | SUPERSEDEAS BOND # 800187181 in the amount of $ 318,208.00 posted by Spartan Auto Group LLC d/b/a Victory Mitsubishi. (tp) (Entered: 11/03/2025) |
| 10/31/2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 103 Notice of Appeal filed by Spartan Auto Group LLC d/b/a Victory Mitsubishi were transmitted to the U.S. Court of Appeals.(km) (Entered: 10/31/2025) |
| 10/31/2025 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 103 Notice of Appeal.(km) (Entered: 10/31/2025) |
| 10/31/2025 | 103 | NOTICE OF APPEAL from 99 Order, 100 Judgment on Attorney Fees,. Document filed by Spartan Auto Group LLC d/b/a Victory Mitsubishi. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Russo, John) (Entered: 10/31/2025) |
| 10/30/2025 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney John Russo to RE-FILE Document No. 102 Notice of Appeal,.. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected; wrong case no. listed on the pdf attachment. Re-file the appeal using the event type Notice of Appeal found under the event list Appeal Documents - attach the correct signed PDF - select the correct named filer/filers - select the correct order/judgment being appealed. (nd) (Entered: 10/30/2025) |
| 10/30/2025 | 102 | FILING ERROR - NO ORDER SELECTED FOR APPEAL - NOTICE OF APPEAL. Document filed by Spartan Auto Group LLC d/b/a Victory Mitsubishi. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Russo, John) Modified on 10/30/2025 (nd). (Entered: 10/30/2025) |
| 10/02/2025 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED ABSTRACT OF JUDGMENT: Notice to Attorney Ahmad Keshavarz to RE-FILE Document No. The filing is deficient for the following reason(s): Prematurely filed. Re-file the document using the event type Proposed Abstract of Judgment found under the event list Proposed Orders after 30 days from the entry date of the judgment. (nd) (Entered: 10/02/2025) |
| 10/02/2025 | 101 | FILING ERROR - DEFICIENT DOCKET ENTRY - PROPOSED ABSTRACT OF JUDGMENT. Abstract of Judgment to be Mailed by the Court. Document filed by Farah Jean Francois. Document Number of Related Judgment: 100 ..(Keshavarz, Ahmad) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** Modified on 10/2/2025 (nd). (Entered: 10/02/2025) |
| 10/02/2025 | 100 | CLERK'S JUDGMENT on Attorney Fees and Costs. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated September 23, 2025 and Order dated October 1, 2025, Plaintiff is awarded attorneys fees in the amount of $264,561.91 and costs in the amount of $22,111.18 for a |

| | | |
|---|---|---|
| | | total sum of $286,673.09. (Signed by Clerk of Court Tammi M Hellwig on 10/2/2025) (Attachments: # 1 Notice of Right to Appeal) (nd) (Entered: 10/02/2025) |
| 10/01/2025 | 99 | ORDER: The Clerk of Court is respectfully directed to enter judgment in this case based on the Opinion & Order entered on September 23, 2025, awarding plaintiff $264,561.91 in attorney's fees and $22,111.18 in costs. See ECF No. 96. (Signed by Judge Jed S. Rakoff on 10/1/2025) (sgz) Transmission to Orders and Judgments Clerk for processing. (Entered: 10/02/2025) |
| 09/25/2025 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED ABSTRACT OF JUDGMENT: Notice to Attorney Ahmad Keshavarz to RE-FILE Document No. 98 Proposed Abstract of Judgment,. The filing is deficient for the following reason(s): the proposed abstract of judgment lists the wrong amount for the judgment. Re-file the document using the event type Proposed Abstract of Judgment found under the event list Proposed Orders - select the correct filer/filers - attach the correct PDF that lists the following - the correct name of the party(ies) the judgment is against, the correct name of the party (ies) the judgment is in favor of, the correct amount amount of the judgment, the name(s) and address(es) of the attorney(s) and the correct entry date of the judgment. (nd) (Entered: 09/25/2025) |
| 09/25/2025 | 98 | FILING ERROR - DEFICIENT DOCKET ENTRY - PROPOSED ABSTRACT OF JUDGMENT. Filing fee $ 12.00, receipt number ANYSDC-31764050. Abstract of Judgment to be Mailed by the Court. Document filed by Farah Jean Francois. Document Number of Related Judgment: 81 ..(Keshavarz, Ahmad) Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers). Modified on 9/25/2025 (nd). (Entered: 09/25/2025) |
| 09/24/2025 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED ABSTRACT OF JUDGMENT: Notice to Attorney Ahmad Keshavarz to RE-FILE Document No. The filing is deficient for the following reason(s): no judgment entered on September 23, 2025. Re-file the document using the event type Proposed Abstract of Judgment found under the event list Proposed Orders - select the correct filer/filers - attach the correct PDF that lists the following - the correct name of the party(ies) the judgment is against, the correct name of the party (ies) the judgment is in favor of, the correct amount amount of the judgment, the name(s) and address(es) of the attorney(s) and the correct entry date of the judgment. (nd) (Entered: 09/24/2025) |
| 09/23/2025 | 97 | FILING ERROR - DEFICIENT DOCKET ENTRY - PROPOSED ABSTRACT OF JUDGMENT. Filing fee $ 12.00, receipt number ANYSDC-31755816. Abstract of Judgment to be Mailed by the Court. Document filed by Farah Jean Francois. Document Number of Related Judgment: 96 ..(Keshavarz, Ahmad) Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers). Modified on 9/24/2025 (nd). (Entered: 09/23/2025) |
| 09/23/2025 | 96 | OPINION & ORDER re: 84 MOTION for Attorney Fees . filed by Farah Jean Francois. Based on the foregoing, plaintiff's application for an award of attorneys' fees and costs is granted to the extent that defendants shall pay $264,561.91 in attorney's fees and $22,111.18 in costs. The Clerk of Court is directed to close the case. SO ORDERED. (Signed by Judge Jed S. Rakoff on 9/23/2025) (ks) (Entered: 09/23/2025) |
| 07/30/2025 | 95 | ORDER striking 93 Motion to Withdraw as Attorney. Accordingly, the Clerk of Court is respectfully directed to strike the motion at docket number 93 and the response at docket number 94. If defense counsel wishes to move forward with its contemplated motion to be relieved, counsel for all parties should convene a joint telephone call to Chambers. SO ORDERED.. (Signed by Judge Jed S. Rakoff on 7/30/2025) (ks) (Entered: 07/30/2025) |

| 07/29/2025 | 94 | ***STRICKEN DOCUMENT. Deleted document number 94 from the case record. The document was stricken from this case pursuant to 95 Order on Motion to Withdraw as Attorney, . (ks) RESPONSE to Motion re: 93 MOTION for H. Nicholas Goodman & Patrick L. Selvey to Withdraw as Attorney . . Document filed by Farah Jean Francois..(Keshavarz, Ahmad) Modified on 7/30/2025 (ks). (Entered: 07/29/2025) |
|---|---|---|
| 07/25/2025 | 93 | ***STRICKEN DOCUMENT. Deleted document number 93 from the case record. The document was stricken from this case pursuant to 95 Order on Motion to Withdraw as Attorney, . (ks) MOTION for H. Nicholas Goodman & Patrick L. Selvey to Withdraw as Attorney . Document filed by Spartan Auto Group LLC d/b/a Victory Mitsubishi. Return Date set for 8/15/2025 at 10:00 AM. (Attachments: # 1 Affidavit Affirmation of H. Nicholas Goodman in Support).(Selvey, Patrick) Modified on 7/30/2025 (ks). (Entered: 07/25/2025) |
| 07/09/2025 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Henry Nicholas Goodman to RE-FILE Document 92 MOTION for Henry Nicholas Goodman and Patrick L. Selvey to Withdraw as Attorney . Use the event type Letter found under the event list Other Documents. (db) (Entered: 07/09/2025) |
| 07/01/2025 | 92 | FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MOTION for Henry Nicholas Goodman and Patrick L. Selvey to Withdraw as Attorney . Document filed by Spartan Auto Group LLC d/b/a Victory Mitsubishi..(Goodman, Henry) Modified on 7/9/2025 (db). (Entered: 07/01/2025) |
| 03/11/2025 | 91 | REPLY AFFIDAVIT of Ahmad Keshavarz in Support re: 84 MOTION for Attorney Fees .. Document filed by Farah Jean Francois. (Attachments: # 1 Affidavit A - October 7, 2024 proposed judgment 160 plus fees, # 2 Exhibit B - October 25, 2024 proposed judgment 160 plus fees, # 3 Exhibit C - Consent to file Ex A and B, # 4 Exhibit D - October 15 2024 OOJ 160,000 inclusive of fees, # 5 Exhibit E - proposed Pretrial Consent Order - November 5, 2024, # 6 Exhibit F - December 18, 2024 fee petition settlement offer of 50,000, # 7 Exhibit G - Seeking payment of $120,000 judgment, # 8 Exhibit H - November 7, 2024 email suggesting filing Consent Judgment under seal, # 9 Exhibit I - Supplemental paid case expenses, # 10 Exhibit J - Francois August 8, 2022 rejection of OOJ of $5,001 plus fees to date, # 11 Exhibit K - Francois February 6, 2023 rejection of $45,000 "all in" settlement offer, # 12 Exhibit L - Francois July 29, 2024 rejection of $50,000 plus fees to date OOJ, # 13 Exhibit M - Francois August 9, 2024 rejection of $50,000 plus fees to date OOJ, # 14 Exhibit N - Francois October 24, 2024 rejection of 160,000 OOJ (inclusive of fees), # 15 Exhibit O - Declaration of Farah Jean Francois with referenced emails, # 16 Exhibit P - Keshavarz Reply billing records, # 17 Exhibit Q - Milz Supp Certification and Reply billing records, # 18 Exhibit R - Redacted mediation statement with request to remove reference to in Opposition).(Keshavarz, Ahmad) (Entered: 03/11/2025) |
| 03/11/2025 | 90 | REPLY MEMORANDUM OF LAW in Support re: 84 MOTION for Attorney Fees . . Document filed by Farah Jean Francois..(Keshavarz, Ahmad) (Entered: 03/11/2025) |
| 03/11/2025 | 89 | FILING ERROR - DEFICIENT DOCKET ENTRY - (SEE DOCUMENT#91) REPLY AFFIDAVIT of Ahmad Keshavarz in Support re: 84 MOTION for Attorney Fees .. Document filed by Farah Jean Francois. (Attachments: # 1 Exhibit A - October 7, 2024 proposed judgment 160 plus fees, # 2 Exhibit B - October 25, 2024 proposed judgment 160 plus fees, # 3 Exhibit C - Consent to file Ex A and B, # 4 Exhibit D - October 15 2024 OOJ 160,000 inclusive of fees, # 5 Exhibit E - proposed Pretrial Consent Order - November 5, 2024, # 6 Exhibit F - December 18, 2024 fee petition settlement offer of 50,000, # 7 Exhibit G - Seeking payment of $120,000 judgment, # 8 Exhibit H - November 7, 2024 email suggesting filing Consent Judgment under seal, # 9 Exhibit I - |

| | | |
|---|---|---|
| | | Supplemental paid case expenses, # <u>10</u> Exhibit J - Francois August 8, 2022 rejection of OOJ of $5,001 plus fees to date, # <u>11</u> Exhibit K - Francois February 6, 2023 rejection of $45,000 "all in" settlement offer, # <u>12</u> Exhibit L - Francois July 29, 2024 rejection of $50,000 plus fees to date OOJ, # <u>13</u> Exhibit M - Francois August 9, 2024 rejection of $50,000 plus fees to date OOJ, # <u>14</u> Exhibit N - Francois October 24, 2024 rejection of 160,000 OOJ (inclusive of fees), # <u>15</u> Exhibit O - Declaration of Farah Jean Francois with referenced emails, # <u>16</u> Exhibit P - Keshavarz Reply billing records, # <u>17</u> Exhibit Q - Milz Supp Certification and Reply billing records).(Keshavarz, Ahmad) Modified on 3/11/2025 (lb). (Entered: 03/11/2025) |
| 02/24/2025 | <u>88</u> | MEMORANDUM OF LAW in Opposition re: <u>84</u> MOTION for Attorney Fees . . Document filed by Spartan Auto Group LLC d/b/a Victory Mitsubishi, Stavros Orsaris, Yessica Vallejo, David Perez. (Attachments: # <u>1</u> Affidavit Affirmation of H. Nicholas Goodman in Opposition, # <u>2</u> Exhibit Exhibit 1 - July 12, 2022, Email Correspondence, # <u>3</u> Exhibit Exhibit 2 - August 10 and August 15 2022 Email Correspondence, # <u>4</u> Exhibit September 6, 2022, Email Correspdondence, # <u>5</u> Exhibit September 13, 2022, Email Correspdondence, # <u>6</u> Exhibit October 31, 2022, Email Correspdondence, # <u>7</u> Exhibit February 8, 2023, Email Correspdondence with Attachment, # <u>8</u> Exhibit February 10, 2023, Email Correspdondence, # <u>9</u> Exhibit August 9, 2024, Rule 68 Offer of Judgment, # <u>10</u> Exhibit July 24, 2024Rule 68 Offer of Judgment, # <u>11</u> Exhibit Defendants' Memorandum of Law in Samms Case).(Selvey, Patrick) (Entered: 02/24/2025) |
| 02/03/2025 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 2/3/2025 without transcription or recording. Counsel for all parties was present. The Court further extends the deadline to file briefing for attorneys costs. Answering papers due 2/24/2025; reply due 3/10/2025. (Kotowski, Linda) (Entered: 02/03/2025) |
| 01/21/2025 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 1/21/2025 without transcription or recording. Counsel for all parties was present. The Court extends the deadline for defendants opposition to plaintiffs motion for attorneys fees to 2/10. Reply due 2/18.. (Kotowski, Linda) (Entered: 01/21/2025) |
| 01/06/2025 | <u>87</u> | MEMORANDUM OF LAW in Support re: <u>84</u> MOTION for Attorney Fees . *with table of contents and table of authorities.*. Document filed by Farah Jean Francois..(Keshavarz, Ahmad) (Entered: 01/06/2025) |
| 12/23/2024 | <u>86</u> | MEMORANDUM OF LAW in Support re: <u>84</u> MOTION for Attorney Fees . . Document filed by Farah Jean Francois..(Keshavarz, Ahmad) (Entered: 12/23/2024) |
| 12/23/2024 | <u>85</u> | AFFIRMATION of Ahmad Keshavarz in Support re: <u>84</u> MOTION for Attorney Fees .. Document filed by Farah Jean Francois. (Attachments: # <u>1</u> Exhibit A - Declaration of Ahmad Keshavarz for Attorneys Fee Award, # <u>2</u> Exhibit B - Keshavarz billing records, # <u>3</u> Exhibit C - Keshavarz Expenses, # <u>4</u> Exhibit D - Certification of Andrew Milz with billing records of Flitter Milz, PC, # <u>5</u> Exhibit E - Certification of Jody Thomas Lpez-Jacobs, # <u>6</u> Exhibit F - Declaration Seth R. Lesser in support of Andrew Milz and Thomas Lpez-Jacobs., # <u>7</u> Exhibit G - Declaration Danielle Tarantolo in support of Ahmad Keshavarz., # <u>8</u> Exhibit H - Declaration Claudia Wilner in of Ahmad Keshavarz, # <u>9</u> Exhibit I - Declaration James Fishman in of Ahmad Keshavarz., # <u>10</u> Exhibit J - Declaration of Emma Caterine in support of herself and of Ahmad Keshavarz, # <u>11</u> Exhibit K - Declaration Matthew Schedler in support of of Emma Caterine, # <u>12</u> Exhibit L - Declaration Susan Shin in support of Emma Caterine, # <u>13</u> Exhibit M - Declaration of Judith Miller, # <u>14</u> Exhibit N - Declaration of Brian Bromberg in support of Judith Miller, # <u>15</u> Exhibit O - Declaration of Carolyn Coffey in support of Judith Miller, # <u>16</u> Exhibit P - Plaintiff's multiple requests for mediation, # <u>17</u> Exhibit Q - February 3, 2023 settlement offer of Defendants for $45,000, # <u>18</u> Exhibit R July 20, 2022 Rule 68 Offer of Judgment of $5,010 plus attorneys fees to date).(Keshavarz, Ahmad) (Entered: 12/23/2024) |

| 12/23/2024 | 84 | MOTION for Attorney Fees . Document filed by Farah Jean Francois..(Keshavarz, Ahmad) (Entered: 12/23/2024) |
|---|---|---|
| 12/20/2024 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 12/20/2024, without transcription or recording. Counsel for all parties was present. Plaintiffs unopposed application for leave to file a fee application on 12/23/2024 is hereby granted. SO ORDERED.. (Kotowski, Linda) (Entered: 12/20/2024) |
| 12/16/2024 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PROPOSED ABSTRACT OF JUDGMENT: Notice to Attorney Ahmad Keshavarz to RE-FILE Document No. 83. The filing is deficient for the following reason(s): Please remove the wording plus reasonable attorney's fees and costs to be determined by the court. Re-file the document using the event type Proposed Abstract of Judgment found under the event list Proposed Orders - select the correct filer/filers - attach the correct PDF that lists the following - the correct name of the party(ies) the judgment is against, the correct name of the party (ies) the judgment is in favor of, the correct amount amount of the judgment, the name(s) and address(es) of the attorney(s) and the correct entry date of the judgment. When refiling, bypass the payment screen since it was already paid. (km) (Entered: 12/16/2024) |
| 12/13/2024 | 83 | FILING ERROR - DEFICIENT DOCKET ENTRY - PROPOSED ABSTRACT OF JUDGMENT. Filing fee $ 12.00, receipt number ANYSDC-30328440. Abstract of Judgment to be Picked up by the Party. Document filed by Farah Jean Francois. Document Number of Related Judgment: 81 ..(Keshavarz, Ahmad) Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers). Modified on 12/16/2024 (km). (Entered: 12/13/2024) |
| 11/13/2024 | 82 | NOTICE OF APPEARANCE by Judith Brigid Miller on behalf of Farah Jean Francois.. (Miller, Judith) (Entered: 11/13/2024) |
| 11/07/2024 | | Transmission to Finance Unit (Cashiers). Transmitted re: 81 Consent Judgment, Add and Terminate Parties,,,,,,,,,, to the Finance Unit (Cashiers) for case processing..(ks) (Entered: 01/10/2025) |
| 11/07/2024 | 81 | CONSENT JUDGMENT: Plaintiff FARAH JEAN FRANCOIS hereby takes Judgment against SPARTAN AUTO GROUP LLC in this action for the total sum of One Hundred and Twenty Thousand Dollars ($120,000.00). This Judgment releases and discharges each and every named Defendant in this action, their successors or assigns and all of their past and present officers, employees and agents from any and all claims that were or could have been alleged by Plaintiff against them. For purposes of preserving Plaintiffs entitlement to seek recovery of reasonable costs and attorney fees incurred in this action. Plaintiff litigated a successful action. Within 30 days hereof, Plaintiff may file a petition for an award of her reasonable costs and attorney fees against SPARTAN AUTO GROUP LLC. SPARTAN AUTO GROUP LLC reserves its right to contest the reasonableness of any and all costs and attorney fees claimed by Plaintiff therein. SO ORDERED (Signed by Judge Jed S. Rakoff on 11/7/2024) Spartan Auto Group LLC d/b/a Victory Mitsubishi terminated. (ks) (Entered: 11/07/2024) |
| 11/06/2024 | 80 | NOTICE OF APPEARANCE by Andrew M Milz on behalf of Farah Jean Francois.. (Milz, Andrew) (Entered: 11/06/2024) |
| 11/05/2024 | 79 | PROPOSED JURY INSTRUCTIONS. Document filed by Farah Jean Francois.. (Keshavarz, Ahmad) (Entered: 11/05/2024) |
| 11/04/2024 | 78 | ORDER FOR ADMISSION PRO HAC VICE granting 76 Motion for Andrew M. Milz to Appear Pro Hac Vice. (Signed by Judge Jed S. Rakoff on 11/4/2024) (ks) (Entered: 11/04/2024) |

| 10/31/2024 | 77 | ORDER granting 67 Motion to Withdraw as Attorney. SO ORDERED. Attorney Emma Caterine terminated. (Signed by Judge Jed S. Rakoff on 10/31/2024) (mml) (Entered: 11/01/2024) |
|---|---|---|
| 10/31/2024 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 76 MOTION for Andrew M. Milz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30124434. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (rju)** (Entered: 10/31/2024) |
| 10/31/2024 | 76 | MOTION for Andrew M. Milz to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-30124434. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Farah Jean Francois. (Attachments: # 1 Exhibit Affidavit in Support, # 2 Proposed Order Proposed Order).(Keshavarz, Ahmad) (Entered: 10/31/2024) |
| 10/31/2024 | 75 | NOTICE OF APPEARANCE by Judith Brigid Miller on behalf of Farah Jean Francois.. (Miller, Judith) (Entered: 10/31/2024) |
| 10/29/2024 | 74 | MEMORANDUM OF LAW in Support re: 73 MOTION in Limine . . Document filed by Farah Jean Francois..(Keshavarz, Ahmad) (Entered: 10/29/2024) |
| 10/29/2024 | 73 | MOTION in Limine . Document filed by Farah Jean Francois..(Keshavarz, Ahmad) (Entered: 10/29/2024) |
| 10/25/2024 | 72 | Exhibit List & *Witness List per FRCP 26(a)(3)*. Document filed by Spartan Auto Group LLC d/b/a Victory Mitsubishi, Stavros Orsaris, Yessica Vallejo, David Perez..(Selvey, Patrick) (Entered: 10/25/2024) |
| 10/23/2024 | 71 | WITNESS LIST. Document filed by Farah Jean Francois..(Keshavarz, Ahmad) (Entered: 10/23/2024) |
| 10/22/2024 | 70 | Exhibit List *FRCP 26(a)(3) Disclosures*. Document filed by Farah Jean Francois.. (Keshavarz, Ahmad) (Entered: 10/22/2024) |
| 09/17/2024 | 69 | NOTICE OF APPEARANCE by John Leo Russo on behalf of Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo..(Russo, John) (Entered: 09/17/2024) |
| 08/14/2024 | 68 | NOTICE OF APPEARANCE by Camille Marie Abate on behalf of Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo..(Abate, Camille) (Entered: 08/14/2024) |
| 07/26/2024 | 67 | MOTION for Emma Caterine to Withdraw as Attorney . Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 07/26/2024) |
| 06/26/2024 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: ( Jury Trial set for 11/12/2024 at 09:30AM before Judge Jed S. Rakoff.). (Kotowski, Linda) (Entered: 06/26/2024) |
| 02/09/2024 | | Minute Entry for proceedings held before Judge Jed S. Rakoff:. Jury Selection set for 7/15/2024 at 09:30AM before Judge Jed S. Rakoff in courtroom 14B of the Daniel Patrick Moynihan Courthouse at 500 Pearl Street New York, N.Y.. (Kotowski, Linda) (Entered: 02/09/2024) |
| 02/02/2024 | 66 | MEMORANDUM ORDER denying 63 Motion for Reconsideration re 63 MOTION for Reconsideration re; 60 Order on Motion for Summary Judgment,,,,,, . filed by Stavros Orsaris, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, David Perez. The fact that Francois' credit report prepared by Spartan was not included in the credit |

| | | |
|---|---|---|
| | | application to Capital One is also beside the point. Had Francois' credit not been pulled by defendants, it is entirely reasonable to infer that no credit application would have been submitted in her name, and the car would not have been purchased in her name. However one looks at it, the allegedly unlawful credit pull was a but-for cause of the purchase of the vehicle in Francois' name, or so a jury could reasonably infer. Defendants have thus failed to identify any basis warranting the Court's reconsideration of its that conclusion a genuine issue of material fact exists with respect to the question of causation. For the forgoing reasons, defendants' motion for reconsideration (Dkt. 63) is hereby denied in its entirety. SO ORDERED.. (Signed by Judge Jed S. Rakoff on 2/2/2024) (ks) (Entered: 02/02/2024) |
| 08/15/2023 | 65 | MEMORANDUM OF LAW in Opposition re: 63 MOTION for Reconsideration re; 60 Order on Motion for Summary Judgment,,,,,, . . Document filed by Farah Jean Francois. (Attachments: # 1 Exhibit A - Oral Argument Transcript).(Caterine, Emma) (Entered: 08/15/2023) |
| 08/01/2023 | 64 | MEMORANDUM OF LAW in Support re: 63 MOTION for Reconsideration re; 60 Order on Motion for Summary Judgment,,,,,, . . Document filed by Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo..(Selvey, Patrick) (Entered: 08/01/2023) |
| 08/01/2023 | 63 | MOTION for Reconsideration re; 60 Order on Motion for Summary Judgment,,,,,, . Document filed by Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo..(Selvey, Patrick) (Entered: 08/01/2023) |
| 07/25/2023 | 62 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a ORAL ARGUMENT proceeding held on 4/7/2023 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 07/25/2023) |
| 07/25/2023 | 61 | TRANSCRIPT of Proceedings re: ORAL ARGUMENT held on 4/7/2023 before Judge Jed S. Rakoff. Court Reporter/Transcriber: Amy Walker, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/15/2023. Redacted Transcript Deadline set for 8/25/2023. Release of Transcript Restriction set for 10/23/2023..(McGuirk, Kelly) (Entered: 07/25/2023) |
| 07/18/2023 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 7/18/2023, without transcription or recording, during which counsel for all parties was present. The Court grants plaintiffs request to modify the briefing schedule for defendants motion for reconsideration of the Memorandum Order entered by the Court on July 13, 2023 (Dkt. 60). Defendant shall file any such motion for reconsideration by no later than August 1, 2023, and plaintiff shall file any response to such a motion by no later than August 15, 2023. The parties joint request to extend the time to submit their availability for trial is granted; the parties are directed to submit their availability for trial within 5 days of the order resolving defendants motion for reconsideration filed by defendant to the extent the setting of a trial date remains necessary.. (Kotowski, Linda) (Entered: 07/19/2023) |
| 07/18/2023 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 7/18/2023, without recording or transcription,, during which counsel for all parties was present. The Court grants defendants leave to file a motion for reconsideration of the Memorandum Order entered by the Court on July 13, 2023 (Dkt. 60). Defendants |

| | | |
|---|---|---|
| | | are directed to file any such motion, which is not to exceed 10 pages, by no later than the close of business on July 25, 2023. Plaintiffs may file a response, not to exceed 10 pages, to any such motion by no later than the close of business on August 1, 2023. (Kotowski, Linda) (Entered: 07/18/2023) |
| 07/13/2023 | 60 | MEMORANDUM ORDER granting in part and denying in part 49 Motion for Summary Judgment. For the reasons stated above, the Court hereby grants defendants' motion in part and denies it in part. Specifically, the Court grants defendants' motion dismissing Francois' negligence claim and also holds as to both her negligence and FCRA claims that she has introduced no evidence that she suffered any economic harm. The negligence claim is therefore dismissed, and Francois may not seek economic damages as to her FCRA claim at trial. The Court likewise grants defendants' motion with respect to Victory Auto Group LLC and Philip and Diane Argyropoulos, and dismisses Francois' complaint in its entirety as to these three defendants. However, the Court denies defendants' motion with respect to whether Francois has adduced evidence demonstrating a genuine dispute as to actual damages including emotional damages with respect to her FCRA claim and whether she has adduced evidence demonstrating a genuine dispute as to defendants' willfulness. The Clerk is directed to close defendants' motion (Dkt. 49) on the docket. After conferring with respect to trial availability from now through January 2024, counsel for all parties should jointly call chambers no later than 5 business days following the issuance of this Memorandum Order in order to schedule trial as to Francois' remaining claims. SO ORDERED.. (Signed by Judge Jed S. Rakoff on 7/13/2023) (kv) (Entered: 07/13/2023) |
| 04/07/2023 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Oral Argument held on 4/7/2023 re: 49 MOTION for Summary Judgment . filed by Philip Argyropoulos, Stavros Orsaris, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi, Diane Argyropoulos, David Perez. (Kotowski, Linda) (Entered: 04/07/2023) |
| 04/07/2023 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: ( Final Pretrial Conference set for 4/7/2023 at 03:00 PM before Judge Jed S. Rakoff., Oral Argument set for 4/7/2023 at 03:00 PM before Judge Jed S. Rakoff both proceedings in courtroom 14B of 500 Pearl Street). (Kotowski, Linda) (Entered: 04/07/2023) |
| 04/03/2023 | 59 | DECLARATION of Ahmad Keshavarz in Opposition re: 49 MOTION for Summary Judgment .. Document filed by Farah Jean Francois. (Attachments: # 1 Exhibit A - Deposition of David Perez, # 2 Exhibit B - Deposition of Yessica Vallejo (Previously filed as DE 53-02)., # 3 Exhibit H - CBC subscription contract. (Previously filed as DE 53-08)., # 4 Exhibit O - Deposition of Farah Jean Francois. (Previously filed as DE 53-17)., # 5 Exhibit R - DMV Francois License Abstract (Previously filed as DE 53-20)., # 6 Exhibit S - Deposition of Papito Momplaisir. (Previously filed as DE 53-21)., # 7 Exhibit U - Cap One Agt with Spartan (Previously filed as DE 53-23)., # 8 Exhibit Z - Deposition of Jami Singer. (Previously filed as DE 53-28)., # 9 Exhibit GG - TransUnion Credit Report of September 2, 2021. (Previously filed as DE 53-36)., # 10 Exhibit HH - Equifax Credit Report of June 11, 2021. (Previously filed as DE 53-37).).(Keshavarz, Ahmad) (Entered: 04/03/2023) |
| 03/29/2023 | 58 | ORDER: The parties have informed the Court that various exhibits filed in the course of the parties' summary judgment briefing did not fully redact sensitive personal information. As such, the Clerk is directed to permanently seal the following entries on the docket such that they are viewable only to the Court or attorneys for the parties: 53-1, 53-2, 53-8, 53-17, 53-20, 53-21, 53-23, 53-28, 53-36, 53-37, 52-03, 52-05, and 52-06. The parties are granted leave to re-file these exhibits with appropriate redactions. (Signed by Judge Jed S. Rakoff on 3/29/2023) (ate) (Entered: 03/29/2023) |

| 03/28/2023 | 57 | REPLY MEMORANDUM OF LAW in Support re: 49 MOTION for Summary Judgment . . Document filed by Diane Argyropoulos, Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi. (Attachments: # 1 Supplement Counterstatement of Facts).(Selvey, Patrick) (Entered: 03/28/2023) |
|---|---|---|
| 03/27/2023 | 56 | AMENDED MEMORANDUM OF LAW in Opposition re: 49 MOTION for Summary Judgment . . Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 03/27/2023) |
| 03/22/2023 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: ( Final Pretrial Conference set for 4/7/2023 at 04:30 PM before Judge Jed S. Rakoff., Oral Argument set for 4/7/2023 at 04:30 PM before Judge Jed S. Rakoffin courtroom 14B of 500 Pearl Street.). (Kotowski, Linda) (Entered: 03/22/2023) |
| 03/20/2023 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 3/20/2023 without transcription or recording. Emma Caterine and Ahmad Keshavarz of the Law Office of Ahmad Keshavarz for plaintiff and Henry Goodman and Patrick Selvey of Nicholas Goodman & Assoc, PLLC for defendants were present. Defendants are granted leave to file a 13 page reply brief on 3/24/23.. (Kotowski, Linda) (Entered: 03/20/2023) |
| 03/16/2023 | 55 | MEMORANDUM OF LAW in Opposition re: 49 MOTION for Summary Judgment . . Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 03/16/2023) |
| 03/16/2023 | 54 | RULE 56.1 STATEMENT. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 03/16/2023) |
| 03/15/2023 | 53 | DECLARATION of Ahmad Keshavarz in Opposition re: 49 MOTION for Summary Judgment .. Document filed by Farah Jean Francois. (Attachments: # 1 Exhibit A - Deposition of David Perez, # 2 Exhibit B - Deposition of Yessica Vallejo, # 3 Exhibit C - Deposition of Diane Argyropoulos, # 4 Exhibit D - Deposition of Stavros Orsaris (also as 30b1 witness), # 5 Exhibit E - Deal Jacket, # 6 Exhibit F - Victory Instagram, # 7 Exhibit G - Mitsubishi Motors franchise agt with Spartan, # 8 Exhibit H - CBC subscription contract, # 9 Exhibit I - Victory Dealertrack acct for Emmanuel Laforest, # 10 Exhibit J - Victory Dealertrack acct for Jami Singer, # 11 Exhibit K - Victory Dealertrack acct for Farah Jean Francois, # 12 Exhibit L - Affidavit of Yosmaily Ventura, # 13 Exhibit M - Utnicki lawsuit against Victory, # 14 Exhibit N (part 1) - Complaints against Victory on Cars.com, # 15 Exhibit N (part 2) - Complaints against Victory on Cars.com, # 16 Exhibit N (part 3) - Complaints against Victory on Cars.com, # 17 Exhibit O - Deposition transcript of Farah Jean Francois, # 18 Exhibit P - Affidavit of Farah Jean Francois, # 19 Exhibit Q - Francois dispute letters re tickets, # 20 Exhibit R - DMV Francois License Abstract, # 21 Exhibit S - Deposition of Papito Momplaisir, # 22 Exhibit T - Deposition of Emmanuel Laforest, # 23 Exhibit U - Cap One Agt with Spartan, # 24 Exhibit V - Grand Jury Indictment in U.S. v. Chris Orsaris, # 25 Exhibit W - Criminal Judgment in U.S. v. Chris Orsaris, # 26 Exhibit X - Dealertrack User Guide, # 27 Exhibit Y - NY AG Settlement w Victory Motors, # 28 Exhibit Z - Deposition of Jami Singer, # 29 Exhibit AA (part 1) - Capital One documents from subpoena, # 30 Exhibit AA (part 2) - Capital One documents from subpoena, # 31 Exhibit BB - Responses to Victory credit applications in name of Farah Jean Francois, # 32 Exhibit CC - Unsigned sales contract given to Francois in Sept 2020, # 33 Exhibit DD - Texts between Emmanuel Laforest and Stavros Osaris, # 34 Exhibit EE - Current EZ Pass toll violations, # 35 Exhibit FF - June 29 2021 Francois letter to Victory and Capital One, # 36 Exhibit GG - TransUnion Credit Report of September 2, 2021, # 37 Exhibit HH - Equifax Credit Report of June 11, 2021). (Keshavarz, Ahmad) (Entered: 03/16/2023) |

| 02/24/2023 | 52 | AFFIRMATION of H. Nicholas Goodman in Support re: 49 MOTION for Summary Judgment .. Document filed by Diane Argyropoulos, Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi. (Attachments: # 1 Supplement Statement of Material Facts, # 2 Exhibit Exhibit A - Mail Receipts, # 3 Exhibit Exhibit B - 5.30.20 Credit Pulls, # 4 Exhibit Exhibit C - iPhone Screenshots, # 5 Exhibit Exhibit D - Plaintiff's Deposition Transcript 11.22.22, # 6 Exhibit Exhibit E - Plaintiff's Experian Credit Report 6.11.21, # 7 Exhibit Exhibit F - Stavros Orsaris Deposition Transcript 11.23.22, # 8 Exhibit Exhibit G - Mitsubishi Agreements, # 9 Exhibit Exhibit H - Philip Argyropoulos Deposition Transcript 11.28.22, # 10 Exhibit Exhibit I - CBC Subscriber Application, # 11 Exhibit Exhibit J - Spartan Agreement with Capital One, # 12 Exhibit Exhibit K - Diane Argyropoulos Deposition Transcript 12.9.22, # 13 Exhibit Exhibit L - Plaintiff's 3rd Amended Disclosures 2.8.23).(Selvey, Patrick) (Entered: 02/24/2023) |
| --- | --- | --- |
| 02/24/2023 | 51 | AFFIDAVIT of Stavros Orsaris in Support re: 49 MOTION for Summary Judgment .. Document filed by Diane Argyropoulos, Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 02/24/2023) |
| 02/24/2023 | 50 | MEMORANDUM OF LAW in Support re: 49 MOTION for Summary Judgment . . Document filed by Diane Argyropoulos, Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 02/24/2023) |
| 02/24/2023 | 49 | MOTION for Summary Judgment . Document filed by Diane Argyropoulos, Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi. Responses due by 3/15/2023 Return Date set for 3/30/2023 at 09:00 AM..(Selvey, Patrick) (Entered: 02/24/2023) |
| 02/21/2023 | 48 | ANSWER to 26 Amended Complaint,,,,,,, with JURY DEMAND. Document filed by Diane Argyropoulos, Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 02/21/2023) |
| 02/02/2023 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Moving summary judgment papers will be due on February 24, opposing papers due March 15, and reply papers March 22. Argument and a final pretrial conference will be held March 30 at 9:00 AM.. Oral Argument set for 3/30/2023 at 09:00 AM before Judge Jed S. Rakoff in courtroom 14B of 500 Pearl Street. (Kotowski, Linda) (Entered: 02/02/2023) |
| 01/26/2023 | 47 | STATUS REPORT. *Stipulation Regarding Yosmaily Ventura* Document filed by Diane Argyropoulos, Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 01/26/2023) |
| 01/24/2023 | 46 | MEMORANDUM ORDER denying 39 Motion to Dismiss; granting in part and denying in part 39 Motion to Strike document 39 MOTION to Dismiss *Counts I as to certain Defendants and Count II in its entirety.* MOTION to Strike Document No. 26 *Specifically paragraphs 129 through 153 thereof and Exhibits "Y, "Z," "AA," "HH," and "II" thereto.* filed by Philip Argyropoulos, Stavros Orsaris, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi, Diane Argyropoulos, David Perez, 24 MOTION to Dismiss *Counts II, III, and IV of Plaintiff's Complaint.* filed by Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi from the record.; denying 24 Motion to Dismiss. For the foregoing reasons, the Court denies defendants' motion to |

| | | |
|---|---|---|
| | | dismiss Francois' negligence claim. The Court grants defendants' motion to strike with respect to paragraphs 141-153 of Francois' amended complaint (and accompanying exhibits), but denies it in all other respects. SO ORDERED.. (Signed by Judge Jed S. Rakoff on 1/24/2023) (kv) (Entered: 01/24/2023) |
| 01/09/2023 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 1/9/2023, without transcription or recording. Emma Caterine and Ahmad Keshavarz of the Law Office of Ahmad Keshavarz for plaintiff and Henry Nicholas Goodman of Nicholas Goodman & Associates, PLLC for defendants were present. Plaintiffs application for an order to show cause to a third party witness is denied on the understanding that defendants will shortly file a stipulation confirming that witness was not employed by or actively working for defendants as of 5/30/20. Plaintiffs application to extend discovery to permit a third party subpoena to Dealer Track is denied. Defendants application for the production of additional documents is denied. (Kotowski, Linda) (Entered: 01/10/2023) |
| 01/04/2023 | 45 | ORDER GRANTING LEAVE FOR ALTERNATIVE SERVICE: IT IS ORDERED that service of the attached subpoena to testify to Yosmaily Ventura will be made by text message to Ms. Ventura's known phone number and by email to her known addresses, and that service by this means will be effective and proper. SO ORDERED. (Signed by Judge Jed S. Rakoff on 1/4/2023) (va) (Entered: 01/05/2023) |
| 12/20/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 12/20/2022,today without transcription or recording. Ahmad Keshavarz of the Law Office of Ahmad Keshavarz for plaintiff and Nicholas Goodman and Patrick Selvey of Nicholas Goodman & Assoc, PLLC for defendants were present. Plaintiffs application for leave amend his complaint to add a defendant is denied without prejudice to plaintiffs renewing the request following additional discovery. Discovery is extended until 1/10/23 for the sole purpose of plaintiffs seeking to identify and depose the additional individual employee plaintiff believes was involved in pulling her credit information. All discovery not related to this individual must conclude by the previously set discovery deadline.. (Kotowski, Linda) (Entered: 12/20/2022) |
| 11/15/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 11/15/2022 without transcription or recording. Emma Caterine and Ahmad Keshavarz of the Law Office of Ahmad Keshavarz and Henry Goodman and Patrick Selvey of Nicholas Goodman & Associates, PLLC were present. Depositions will go forward on the following schedule: David Perez on November 21, 2022, Farah Jean Francois on November 22, 2022, Stavros Orsaris on November 23, 2022, Philip Argyropoulos on November 28, 2022, Diane Aryropoulos on November 29, 2022, and Yessica Vallejo on November 30, 2022. The additional deposition defendants have noticed is set for December 9, 2022.. (Kotowski, Linda) (Entered: 11/21/2022) |
| 10/24/2022 | 44 | REPLY MEMORANDUM OF LAW in Support re: 39 MOTION to Dismiss *Counts I as to certain Defendants and Count II in its entirety.* MOTION to Strike Document No. 26 *Specifically paragraphs 129 through 153 thereof and Exhibits "Y, "Z," "AA," "HH," and "II" thereto. .* Document filed by Diane Argyropoulos, Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 10/24/2022) |
| 10/17/2022 | 43 | DECLARATION of Emma Caterine in Opposition re: 39 MOTION to Dismiss *Counts I as to certain Defendants and Count II in its entirety.* MOTION to Strike Document No. 26 *Specifically paragraphs 129 through 153 thereof and Exhibits "Y, "Z," "AA," "HH," and "II" thereto..* Document filed by Farah Jean Francois. (Attachments: # 1 Exhibit 1 - First Amended Complaint, # 2 Exhibit A - TransUnion Inquiries, # 3 Exhibit B - Equifax |

| | | |
|---|---|---|
| | | Inquiries, # 4 Exhibit C - Retail Installment Sales Contract, # 5 Exhibit D - Capital One Fraud Confirmation Letter, # 6 Exhibit E - Affidavit of Fictitious Account and Fraud Questionnaire, # 7 Exhibit F - Police Report, # 8 Exhibit G - First Parking Ticket, # 9 Exhibit H - Speeding Ticket, # 10 Exhibit I - Second Parking Ticket, # 11 Exhibit J - First Toll Notice, # 12 Exhibit K - Second Toll Notice, # 13 Exhibit L - Third Toll Notice, # 14 Exhibit M - Third Parking Ticket, # 15 Exhibit N - Fourth Toll Notice, # 16 Exhibit O - First Insurance Collection Letter, # 17 Exhibit P - Arrest Record, # 18 Exhibit Q - Second Insurance Collection Letter, # 19 Exhibit R - Dispute Letter to Victory and Capital One, # 20 Exhibit S - Capital One Fraud Resolution Letter, # 21 Exhibit T - Dispute Letter to Insurance, # 22 Exhibit U - Dispute Letter to MTA, # 23 Exhibit V - Experian Hard Inquiry Webpage, # 24 Exhibit W - Dispute to Trans Union, # 25 Exhibit X - Dispute to Equifax, # 26 Exhibit Y - NY AG Lawsuit, # 27 Exhibit Z - Order in NY AG Lawsuit, # 28 Exhibit AA - NY AG Stipulation, # 29 Exhibit BB - Jean-Baptiste Lawsuit, # 30 Exhibit CC - Nelson 56.1 Statement, # 31 Exhibit DD - Mitsubishi Contract, # 32 Exhibit EE - 2014 Mitsubishi Contract, # 33 Exhibit FF - Mercedez Adverse Action Notice, # 34 Exhibit GG - Penfed Adverse Action Notice, # 35 Exhibit HH - Buddoo Complaint, # 36 Exhibit II - Utnicki Complaint).(Caterine, Emma) (Entered: 10/17/2022) |
| 10/17/2022 | 42 | MEMORANDUM OF LAW in Opposition re: 39 MOTION to Dismiss *Counts I as to certain Defendants and Count II in its entirety.* MOTION to Strike Document No. 26 *Specifically paragraphs 129 through 153 thereof and Exhibits "Y, "Z," "AA," "HH," and "II" thereto.* . Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 10/17/2022) |
| 10/17/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: ( Oral Argument set for 11/2/2022 at 04:00 PM before Judge Jed S. Rakoff.). (Kotowski, Linda) (Entered: 10/17/2022) |
| 10/07/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 10/7/2022. without transcription or recording. Ahmad Keshavarz and Emma Caterine of the Law Office of Ahmad Keshavarz for plaintiff and Henry Nicholas Goodman and Patrick Lyndon Selvey, Jr. of Nicholas Goodman & Associates, PLLC for defendants were present. Plaintiffs are directed to submit a proposed order with respect to the relief requested against Emmanuel LaForest. The parties are instructed to complete any remaining production of documents no later than end-of-day on Wednesday, 10/19/22. The parties are instructed to confer and agree on dates for deposition as soon as possible; however, no deposition need take place until November. (Kotowski, Linda) (Entered: 10/11/2022) |
| 10/06/2022 | 41 | PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material...SO ORDERED. (Signed by Judge Jed S. Rakoff on 10/6/2022) (kv) (Entered: 10/06/2022) |
| 10/03/2022 | 40 | MEMORANDUM OF LAW in Support re: 39 MOTION to Dismiss *Counts I as to certain Defendants and Count II in its entirety.* MOTION to Strike Document No. 26 *Specifically paragraphs 129 through 153 thereof and Exhibits "Y, "Z," "AA," "HH," and "II" thereto. (delayed filing due to clerical oversight).* Document filed by Diane Argyropoulos, Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi. (Attachments: # 1 Exhibit Exhibit A - Credit Denials, # 2 Exhibit Exhibit B - Buddoo & Utnicki Discontinuances).(Selvey, Patrick) (Entered: 10/03/2022) |
| 09/30/2022 | 39 | MOTION to Dismiss *Counts I as to certain Defendants and Count II in its entirety.*, MOTION to Strike Document No. 26 *Specifically paragraphs 129 through 153 thereof and Exhibits "Y, "Z," "AA," "HH," and "II" thereto.*( Responses due by 10/14/2022, Return Date set for 10/27/2022 at 04:45 PM.) Document filed by Diane Argyropoulos, |

| | | |
|---|---|---|
| | | Philip Argyropoulos, Stavros Orsaris, David Perez, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Yessica Vallejo, Victory Auto Group LLC d/b/a Victory Mitsubishi.. (Selvey, Patrick) (Entered: 09/30/2022) |
| 09/19/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 9/19/2022 without transcription or recording. Ahmad Keshavarz and Emma Caterine of the Law Office of Ahmad Keshavarz for plaintiff and Henry Nicholas Goodman and Patrick Lyndon Selvey, Jr. of Nicholas Goodman & Associates, PLLC for defendants were present. Plaintiffs request for an order that defendants produce employee records, pattern-and-practice information concerning unauthorized sales of vehicles or credit report inquiries, and all financing agreements that might have governed the sale of the vehicle in question is denied, as is plaintiffs request for an order that defendants supplement their production of documents concerning Plaintiff Farah Jean Francois in light of defendants representation that they intend to supplement their production of documents concerning plaintiff by 9/21/22. Defendants request for referral for a settlement conference is denied. (Kotowski, Linda) (Entered: 09/19/2022) |
| 09/13/2022 | 38 | ELECTRONIC SUMMONS ISSUED as to Yessica Vallejo. (sj) (Entered: 09/13/2022) |
| 09/13/2022 | 37 | ELECTRONIC SUMMONS ISSUED as to Stavros Orsaris. (sj) (Entered: 09/13/2022) |
| 09/13/2022 | 36 | ELECTRONIC SUMMONS ISSUED as to Diane Argyropoulos. (sj) (Entered: 09/13/2022) |
| 09/12/2022 | 35 | REQUEST FOR ISSUANCE OF SUMMONS as to Yessica Vallejo, re: 26 Amended Complaint,,,,,,,. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 09/12/2022) |
| 09/12/2022 | 34 | REQUEST FOR ISSUANCE OF SUMMONS as to Stavros Orsaris, re: 26 Amended Complaint,,,,,,,. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 09/12/2022) |
| 09/12/2022 | 33 | REQUEST FOR ISSUANCE OF SUMMONS as to Diane Argyropoulos, re: 26 Amended Complaint,,,,,,,. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 09/12/2022) |
| 09/12/2022 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Emma Caterine to RE-FILE Document No. 29 Request for Issuance of Summons, 31 Request for Issuance of Summons, 30 Request for Issuance of Summons. The filing is deficient for the following reason(s): Summons Caption Error. Defendant party name listed on Summons Caption does not correspond to pleading caption. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (vf) (Entered: 09/12/2022) |
| 09/09/2022 | 32 | CIVIL CASE MANAGEMENT PLAN: The case is to be tried to a jury. A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on 1/23/2023. Second Motion to Dismiss by September 30, 2022 Opposition to Motion to Dismiss by October 14, 2022 Reply in Support by October 21, 2022 Oral Arguments on October 27, 2022 at 4:45 P.M. Motions due by 12/16/2022. Responses due by 1/6/2023 Replies due by 1/13/2023. Deposition due by 12/9/2022. Discovery due by 12/9/2022. Oral Argument set for 10/27/2022 at 04:45 PM before Judge Jed S. Rakoff. Ready for Trial by 1/23/2023. (Signed by Judge Jed S. Rakoff on 9/9/2022) (kv) (Entered: 09/09/2022) |
| 09/09/2022 | 31 | FILING ERROR - DEFICIENT- SUMMONS REQUEST - REQUEST FOR ISSUANCE OF SUMMONS as to Yessica Vallejo, re: 26 Amended Complaint,,,,,,,. |

| | | |
|---|---|---|
| | | Document filed by Farah Jean Francois..(Caterine, Emma) Modified on 9/12/2022 (vf). (Entered: 09/09/2022) |
| 09/09/2022 | 30 | **FILING ERROR - DEFICIENT- SUMMONS REQUEST -** REQUEST FOR ISSUANCE OF SUMMONS as to Stavros Orsaris, re: 26 Amended Complaint,,,,,,,,. Document filed by Farah Jean Francois..(Caterine, Emma) Modified on 9/12/2022 (vf). (Entered: 09/09/2022) |
| 09/09/2022 | 29 | **FILING ERROR - DEFICIENT- SUMMONS REQUEST -** REQUEST FOR ISSUANCE OF SUMMONS as to Diane Argyropoulos, re: 26 Amended Complaint,,,,,,,. Document filed by Farah Jean Francois..(Caterine, Emma) Modified on 9/12/2022 (vf). (Entered: 09/09/2022) |
| 09/06/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff:, a telephone conference was held 9-6-2022 without transcription or recording. Ahmad Keshavarz and Emma Caterine of the Law Office of Ahmad Keshavarz for plaintiff and Henry Nicholas Goodman of Nicholas Goodman & Associates, PLLC for defendants were present. In light of the filing of an amended complaint, Defendants are granted leave to withdraw their current motion to dismiss (Dkt. 24) and to file a new motion to dismiss no later than September 30. Answering papers are dule 10/14/22, and any reply papers by 10/21/22. Argument shall be on Thursday, 10/27/22 at 4:45 PM. The close of discovery is extended until 12/9/22. The parties are directed to file a new case management plan reflecting these dates, as well as the revised dates set for summary judgment briefing discussed on the call. A final pretrial conference is set for Monday, 1/23/23 at 4:00 PM. Defendants request for referral to a magistrate judge is denied. Defendants are instructed to complete their revised production of documents by end of day on 9/14/22.( Final Pretrial Conference set for 1/23/2023 at 04:00 PM before Judge Jed S. Rakoff., Oral Argument set for 10/27/2022 at 04:45 PM before Judge Jed S. Rakoff.). (Kotowski, Linda) (Entered: 09/06/2022) |
| 08/30/2022 | 28 | DECLARATION of Emma Caterine in Opposition re: 24 MOTION to Dismiss *Counts II, III, and IV of Plaintiff's Complaint*.. Document filed by Farah Jean Francois. (Attachments: # 1 Exhibit 1 - First Amended Complaint, # 2 Exhibit A - TransUnion Inquiries, # 3 Exhibit B - Equifax Inquiries, # 4 Exhibit C - Retail Installment Sales Contract, # 5 Exhibit D - Capital One Fraud Confirmation Letter, # 6 Exhibit E - Affidavit of Fictitious Account and Fraud Questionnaire, # 7 Exhibit F - Police Report, # 8 Exhibit G - First Parking Ticket, # 9 Exhibit H - Speeding Ticket, # 10 Exhibit I - Second Parking Ticket, # 11 Exhibit J - First Toll Notice, # 12 Exhibit K - Second Toll Notice, # 13 Exhibit L - Third Toll Notice, # 14 Exhibit M - Third Parking Ticket, # 15 Exhibit N - Fourth Toll Notice, # 16 Exhibit O - First Insurance Collection Letter, # 17 Exhibit P - Arrest Record, # 18 Exhibit Q - Second Insurance Collection Letter, # 19 Exhibit R - Dispute Letter to Victory and Capital One, # 20 Exhibit S - Capital One Fraud Resolution Letter, # 21 Exhibit T - Dispute Letter to Insurance, # 22 Exhibit U - Dispute Letter to MTA, # 23 Exhibit V - Experian Hard Inquiry Webpage, # 24 Exhibit W - Dispute to Trans Union, # 25 Exhibit X - Dispute to Equifax, # 26 Exhibit Y - NY AG Lawsuit, # 27 Exhibit Z - Order in NY AG Lawsuit, # 28 Exhibit AA - NY AG Stipulation, # 29 Exhibit BB - Jean-Baptiste Lawsuit, # 30 Exhibit CC - Nelson 56.1 Statement, # 31 Exhibit DD - Mitsubishi Contract, # 32 Exhibit EE - 2014 Mitsubishi Contract, # 33 Exhibit FF - Mercedez Adverse Action Notice, # 34 Exhibit GG - Penfed Adverse Action Notice, # 35 Exhibit HH - Buddoo Complaint, # 36 Exhibit II - Utnicki Complaint).(Caterine, Emma) (Entered: 08/30/2022) |
| 08/30/2022 | 27 | MEMORANDUM OF LAW in Opposition re: 24 MOTION to Dismiss *Counts II, III, and IV of Plaintiff's Complaint*. . Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 08/30/2022) |

| 08/29/2022 | 26 | AMENDED COMPLAINT amending 1 Complaint,,,,,, against Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi, Diane Argyropoulos, Stavros Orsaris, Yessica Vallejo, David Perez with JURY DEMAND.Document filed by Farah Jean Francois. Related document: 1 Complaint,,,,,,. (Attachments: # 1 Exhibit A - TransUnion Inquiries, # 2 Exhibit B - Equifax Inquiries, # 3 Exhibit C - Retail Installment Sales Contract, # 4 Exhibit D - Capital One Fraud Confirmation Letter, # 5 Exhibit E - Affidavit of Fictitious Account and Fraud Questionnaire, # 6 Exhibit F - Police Report, # 7 Exhibit G - First Parking Ticket, # 8 Exhibit H - Speeding Ticket, # 9 Exhibit I - Second Parking Ticket, # 10 Exhibit J - First Toll Notice, # 11 Exhibit K - Second Toll Notice, # 12 Exhibit L - Third Toll Notice, # 13 Exhibit M - Third Parking Ticket, # 14 Exhibit N - Fourth Toll Notice, # 15 Exhibit O - First Insurance Collection Letter, # 16 Exhibit P - Arrest Record, # 17 Exhibit Q - Second Insurance Collection Letter, # 18 Exhibit R - Dispute Letter to Victory and Capital One, # 19 Exhibit S - Capital One Fraud Resolution Letter, # 20 Exhibit T - Dispute Letter to Insurance, # 21 Exhibit U - Dispute Letter to MTA, # 22 Exhibit V - Experian Hard Inquiry Webpage, # 23 Exhibit W - Dispute to Trans Union, # 24 Exhibit X - Dispute to Equifax, # 25 Exhibit Y - NY AG Lawsuit, # 26 Exhibit Z - Order in NY AG Lawsuit, # 27 Exhibit AA - NY AG Stipulation, # 28 Exhibit BB - Jean-Baptiste Lawsuit, # 29 Exhibit CC - Nelson 56.1 Statement, # 30 Exhibit DD - Mitsubishi Contract, # 31 Exhibit EE - 2014 Mitsubishi Contract, # 32 Exhibit FF - Mercedez Adverse Action Notice, # 33 Exhibit GG - Penfed Adverse Action Notice, # 34 Exhibit HH - Buddoo Complaint, # 35 Exhibit II - Utnicki Complaint).(Caterine, Emma) (Entered: 08/29/2022) |
| 08/26/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 8/26/202, without transcription or recording. Ahmad Keshavarz and Emma Caterine of the Law Office of Ahmad Keshavarz for plaintiff and Henry Nicholas Goodman and Patrick Lyndon Selvey, Jr. of Nicholas Goodman & Associates, PLLC for defendants were present. Plaintiffs request for additional requests for production with respect to defendants insurance agreement is denied. Defendants are directed to submit a verified and amended version of their responses to plaintiffs first set of interrogatories by Friday, 9/2/22 at close of business. Plaintiffs request for an order requiring additional production of documents is denied without prejudice to plaintiffs renewing the request after additional production has been made or if such production is unduly delayed. (Kotowski, Linda) (Entered: 08/26/2022) |
| 08/26/2022 | 25 | MEMORANDUM OF LAW in Support re: 24 MOTION to Dismiss *Counts II, III, and IV of Plaintiff's Complaint.*, 23 MOTION to Dismiss *Counts II, III, and IV of Plaintiff's Complaint. (re-filed per court)*. Document filed by Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi. (Attachments: # 1 Exhibit A - Plaintiff's Initial Disclosures).(Selvey, Patrick) (Entered: 08/26/2022) |
| 08/26/2022 | 24 | MOTION to Dismiss *Counts II, III, and IV of Plaintiff's Complaint.* Document filed by Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi. Responses due by 8/30/2022 Return Date set for 9/15/2022 at 04:30 PM..(Selvey, Patrick) (Entered: 08/26/2022) |
| 08/18/2022 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Patrick Lyndon Selvey to RE-FILE Document 23 MOTION to Dismiss *Counts II, III, and IV of Plaintiff's Complaint*. ERROR(S): Supporting documents are filed separately, each receiving their own document #. (db) (Entered: 08/18/2022)** |
| 08/16/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Telephone Conference held on 8/16/2022 without transcription or recording. Ahmad Keshavarz and Emma |

| | | |
|---|---|---|
| | | Caterine of the Law Office of Ahmad Keshavarz for plaintiff and Henry Nicholas Goodman of Nicholas Goodman & Associates, PLLC for defendants were present. Defendants are ordered to produce any insurance agreement in accordance with F.R.C.P. 26. Plaintiffs request to depose defendants prior to the 8/29/22 deadline to amend their complaint as of right is denied. Plaintiffs request that a corporate representative be designated for defendant Victory Auto Group LLC is granted. Any deposition of Victory Auto Group LLC should take place no later than 10/8/22, or 30 days prior to the 11/7/22 close of discovery.. (Kotowski, Linda) (Entered: 08/16/2022) |
| 08/09/2022 | 23 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION to Dismiss *Counts II, III, and IV of Plaintiff's Complaint*. Document filed by Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi. Responses due by 8/30/2022 Return Date set for 9/15/2022 at 04:30 PM. (Attachments: # 1 Affidavit Memorandum of Law in Support of Motion to Dismiss, # 2 Exhibit Exhibit A - Plaintiff's Initial Disclosures).(Selvey, Patrick) Modified on 8/18/2022 (db). (Entered: 08/09/2022) |
| 08/08/2022 | 22 | AMENDED ANSWER to 1 Complaint,,,,,, with JURY DEMAND. Document filed by Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 08/08/2022) |
| 08/04/2022 | 21 | AMENDED ANSWER to with JURY DEMAND. Document filed by Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 08/04/2022) |
| 08/03/2022 | 20 | ANSWER to 1 Complaint,,,,,, with JURY DEMAND. Document filed by Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 08/03/2022) |
| 08/03/2022 | 19 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 08/03/2022) |
| 07/19/2022 | 18 | NOTICE OF APPEARANCE by Patrick Lyndon Selvey, Jr on behalf of Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Selvey, Patrick) (Entered: 07/19/2022) |
| 07/19/2022 | 17 | NOTICE OF APPEARANCE by Henry Nicholas Goodman on behalf of Philip Argyropoulos, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi..(Goodman, Henry) (Entered: 07/19/2022) |
| 07/19/2022 | 16 | CIVIL CASE MANAGEMENT PLAN: The case is to be tried to a jury. Motion To Dismiss: Moving - 8/9, Answering - 8/30, Reply - 9/8. Oral Argument - 9/15 at 4:30pm. Amended Pleadings due by 8/29/2022. Joinder of Parties due by 8/29/2022. Motions due by 11/14/2022. Responses due by 11/28/2022 Replies due by 12/5/2022. Deposition due by 11/7/2022. Discovery due by 11/7/2022. Oral Argument set for 9/15/2022 at 04:30 PM before Judge Jed S. Rakoff. Final Pretrial Conference set for 12/12/2022 at 04:00 PM before Judge Jed S. Rakoff. Ready for Trial by 12/12/2022. (Signed by Judge Jed S. Rakoff on 7/19/2022) (kv) (Entered: 07/19/2022) |
| 07/19/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: Initial Pretrial Telephonic Conference held on 7/19/2022, ( Final Pretrial Conference set for 12/12/2022 at 04:00 PM before Judge Jed S. Rakoff., Oral Argument set for 9/15/2022 at 04:30 PM before Judge Jed S. Rakoff). (Kotowski, Linda) (Entered: 07/19/2022) |
| 07/12/2022 | 15 | PROPOSED CASE MANAGEMENT PLAN. Document filed by Farah Jean Francois.. (Caterine, Emma) (Entered: 07/12/2022) |

| 07/07/2022 | 14 | SUMMONS RETURNED EXECUTED. Victory Auto Group LLC d/b/a Victory Mitsubishi served on 6/24/2022, answer due 7/15/2022. Service was accepted by Nancy Dougherty, Authorized Agent. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 07/07/2022) |
|---|---|---|
| 07/07/2022 | 13 | SUMMONS RETURNED EXECUTED. Spartan Auto Group LLC d/b/a Victory Mitsubishi served on 6/24/2022, answer due 7/15/2022. Service was accepted by Nancy Dougherty, Authorized Agent. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 07/07/2022) |
| 07/06/2022 | | Minute Entry for proceedings held before Judge Jed S. Rakoff: (Telephonic Initial {Pretrial Conference set for 7/19/2022 at 11:00 AM before Judge Jed S. Rakoff.)The connection information will remain the same as that previously posted to the docket. Because no defense counsel have yet appeared on the docket, the Court hereby directs plaintiff's counsel to alert the defendants or any defense counsel of this schedule change, in furtherance of your duties explained in the notice of court conference, ECF 10. (Kotowski, Linda) (Entered: 07/06/2022) |
| 06/27/2022 | 12 | SUMMONS RETURNED EXECUTED. Philip Argyropoulos served on 6/24/2022, answer due 7/15/2022. Service was accepted by Nicole Gat, Secretary. Service was made by Mail. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 06/27/2022) |
| 06/23/2022 | 11 | CERTIFICATE OF SERVICE of Initial Conference Order and Individual Rules served on Victory Auto Group LLC; Spartan Auto Group LLC; Philip Argyropoulos on 06/23/2022. Service was made by Mail. Document filed by Farah Jean Francois. (Attachments: # 1 Exhibit Letter to Defendants with Certificates of Mailing).(Caterine, Emma) (Entered: 06/23/2022) |
| 06/09/2022 | 10 | NOTICE OF COURT CONFERENCE: DATE AND PLACE OF CONFERENCE: 7-11-2022, ON A TELECONFERENCE LINE AT 11:45am. The dial-in information for the call will be as follows: USA Toll-Free (888) 363-4735; USA Caller Paid/International Toll: (215) 446-3657; Access Code: 1086415. SO ORDERED. ( Initial Conference set for 7/11/2022 at 11:45 AM before Judge Jed S. Rakoff.) (Signed by Judge Jed S. Rakoff on 6/9/22) (yv) (Entered: 06/09/2022) |
| 06/01/2022 | 9 | ELECTRONIC SUMMONS ISSUED as to Philip Argyropoulos..(sj) (Entered: 06/01/2022) |
| 06/01/2022 | 8 | ELECTRONIC SUMMONS ISSUED as to Spartan Auto Group LLC d/b/a Victory Mitsubishi. (sj) (Entered: 06/01/2022) |
| 06/01/2022 | 7 | ELECTRONIC SUMMONS ISSUED as to Victory Auto Group LLC d/b/a Victory Mitsubishi. (sj) (Entered: 06/01/2022) |
| 05/31/2022 | 6 | REQUEST FOR ISSUANCE OF SUMMONS as to Philip Argyropoulos, re: 1 Complaint,,,,,,. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 05/31/2022) |
| 05/31/2022 | 5 | REQUEST FOR ISSUANCE OF SUMMONS as to Spartan Auto Group LLC, re: 1 Complaint,,,,,,. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 05/31/2022) |
| 05/31/2022 | 4 | REQUEST FOR ISSUANCE OF SUMMONS as to Victory Auto Group LLC, re: 1 Complaint,,,,,,. Document filed by Farah Jean Francois..(Caterine, Emma) (Entered: 05/31/2022) |

| 05/31/2022 | 3 | NOTICE OF APPEARANCE by Emma Caterine on behalf of Farah Jean Francois.. (Caterine, Emma) (Entered: 05/31/2022) |
|---|---|---|
| 05/31/2022 | | Case Designated ECF. (pc) (Entered: 05/31/2022) |
| 05/31/2022 | | Magistrate Judge Ona T. Wang is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pc) (Entered: 05/31/2022) |
| 05/31/2022 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Jed S. Rakoff. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 05/31/2022) |
| 05/30/2022 | 2 | CIVIL COVER SHEET filed..(Keshavarz, Ahmad) (Entered: 05/30/2022) |
| 05/30/2022 | 1 | COMPLAINT against Philip Argyropoulos, John Doe 1 - 6, Spartan Auto Group LLC d/b/a Victory Mitsubishi, Victory Auto Group LLC d/b/a Victory Mitsubishi. (Filing Fee $ 402.00, Receipt Number ANYSDC-26211879)Document filed by Farah Jean Francois. (Attachments: # 1 Exhibit A - TransUnion Inquiries, # 2 Exhibit B - Equifax Inquiries, # 3 Exhibit C - Retail Installment Sales Contract, # 4 Exhibit D - Capital One Fraud Confirmation Letter, # 5 Exhibit E - Affidavit of Fictitious Account and Fraud Questionnaire, # 6 Exhibit F - Police Report, # 7 Exhibit G - First Parking Ticket, # 8 Exhibit H - Speeding Ticket, # 9 Exhibit I - Second Parking Ticket, # 10 Exhibit J - First Toll Notice, # 11 Exhibit K - Second Toll Notice, # 12 Exhibit L - Third Toll Notice, # 13 Exhibit M - Third Parking Ticket, # 14 Exhibit N - Fourth Toll Notice, # 15 Exhibit O - First Insurance Collection Letter, # 16 Exhibit P - Arrest Record, # 17 Exhibit Q - Second Insurance Collection Letter, # 18 Exhibit R - Dispute Letter to Victory and Capital One, # 19 Exhibit S - Capital One Fraud Resolution Letter, # 20 Exhibit T - Dispute Letter to Insurance, # 21 Exhibit U - Dispute Letter to MTA, # 22 Exhibit V - Experian Hard Inquiry Webpage, # 23 Exhibit W - Dispute to Trans Union, # 24 Exhibit X - Dispute to Equifax, # 25 Exhibit Y - NY AG Lawsuit, # 26 Exhibit Z - Order in NY AG Lawsuit, # 27 Exhibit AA - NY AG Stipulation, # 28 Exhibit BB - Jean-Baptiste Lawsuit). (Keshavarz, Ahmad) (Entered: 05/30/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/22/2025 10:51:53 | | |
| **PACER Login:** jlrussopc3119 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 1:22-cv-04447-JSR |
| **Billable Pages:** 21 | **Cost:** | 2.10 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FARAH JEAN FRANCOIS, <br><br> Plaintiff, <br><br> -v- <br><br> VICTORY AUTO GROUP LLC D/B/A VICTORY MITSUBISHI, <u>et al.</u>, <br><br> Defendants. | 22-cv-4447 (JSR) <br><br> <u>OPINION & ORDER</u> |

JED S. RAKOFF, U.S.D.J.:

Before the Court is a motion for attorney's fees filed by Plaintiff Farah Jean Francois. Plaintiff requests an award of $413,989.09 in attorney's fees in connection with her successful litigation to settlement of a claim under the Fair Credit Reporting Act (FCRA). <u>See</u> Plaintiff's Reply in Support of Her Petition for Attorneys Fees and Costs at 3, ECF No. 90 ("Fee Reply"). Plaintiff also seeks $22,111.18 in costs. <u>Id.</u> Defendants agree that plaintiff is entitled to fees, but vigorously dispute the amount requested. <u>See</u> Memorandum of Law in Opposition to Plaintiff's Motion for Attorney's Fees, ECF No. 88 ("Fee Opp."). For the reasons set forth below, plaintiff's motion is granted in the reduced amount of $286,673.09.

## I.   Background

The Court assumes familiarity with this case and sets forth the background only briefly. Plaintiff filed suit in May 2022 against Spartan Auto Group LLC and several other defendants, alleging that the defendants facilitated her identity theft by her brother-in-law,

1

Emmanuel LaForest, whom the defendants allegedly permitted to purchase a car in her name. See generally First Amended Complaint, ECF No. 26. Plaintiff alleged that LaForest had initially tried to buy a car from the dealership in his own name, but when his credit check was unsatisfactory, he directed the dealership to perform credit checks first on a third party and then on plaintiff. According to plaintiff, the dealership then permitted LaForest to purchase a car in her name even though she had not consented to the sale. The amended complaint alleged a common law negligence claim as well as a violation of the FCRA.[1]

On July 13, 2023, the Court granted in part and denied in part defendants' motion for summary judgment. See generally Memorandum Order, ECF No. 60. The Court granted summary judgment dismissing plaintiff's negligence claim on the ground that she had failed to introduce any evidence of actual damages or injury resulting from the sale of the car to LaForest and the alleged related misconduct. The Court, however, allowed plaintiff's FCRA claim to proceed even in the absence of evidence of actual damages or injury because of the possibility that plaintiff could recover for emotional distress under that claim. The Court likewise denied summary judgment on the issue of whether defendants had "willfully" violated the FCRA, finding a genuine dispute of material fact. Finally, the court granted summary

---

[1] The initial complaint also asserted claims of defamation and invasion of privacy/false light. See Complaint ¶¶ 152-61, 170-73, ECF No. 1. Plaintiff did not assert those claims in the amended complaint.

2

judgment dismissing the case as to the three defendants other than Spartan Auto Group, concluding that plaintiff had produced no evidence that would support their liability.

On November 7, 2024, several days before the case was set to go to trial, the parties entered a Consent Judgment. See Consent Judgment, ECF No. 81. The agreement disposed of the remaining FCRA claim in exchange for an entry of judgment in favor of plaintiff in the amount of $120,000 and also "preserv[ed] Plaintiff's entitlement to seek recovery of reasonable costs and attorney fees." Id. Defendant Spartan Auto Group likewise "reserve[d] its right to contest the reasonableness of any and all costs and attorney fees claimed by Plaintiff." Id.

Plaintiff subsequently filed the instant motion seeking attorney's fees and costs. Plaintiff requested fees in the amount of $413,989.09 and costs of $22,111.18.[2] See Fee Reply at 10. Defendants opposed on various grounds, arguing that the amount requested was unreasonable and excessive. Defendants asked the Court to reduce the award to $18,975.00, the amount of fees incurred from the case's inception to the date on which plaintiff's attorney discussed defendants' first Offer of Judgment with plaintiff. See Fee Opp. at

---

[2] Plaintiff initially requested $402,006.59 in fees and $21,571.26 in costs. See Plaintiff's Memorandum of Law in Support of Her Petition for Attorney Fees and Costs at 2, ECF No. 85 ("Fee MOL"). Plaintiff later increased the requested amount to account for time spent drafting the reply and for additional expenses incurred since filing the initial motion. See Fee Reply at 3 n.1. Plaintiff indicated that she would not object to defendants filing a sur-reply in light of the updated calculations; however, defendants did not seek to do. See id.

3

23. In the alternative, defendants asked the Court to reduce any fees awarded after that date by 50 percent "to reflect . . . the excessive rate" and "frivolous and excessive billing undertaken asserting and defending frivolous claims." Id. at 20-21.

## II.  Discussion

The Fair Credit Reporting Act (FCRA) provides that, following a "successful action," a defendant "is liable" to the plaintiff in the amount of "the costs of the action together with reasonable attorney's fees as determined by the court." 15 U.S.C. §§ 1681n, 1681o. The parties agree, as stipulated in the Consent Judgment, that plaintiff "litigated a successful action," and is therefore entitled to reasonable attorney's fees and costs. See ECF No. 81. The parties disagree, however, as to the amount of the award.

### A. Attorney's Fees

An award of attorney's fees is calculated using the "lodestar" method, "i.e., the number of hours worked multiplied by the prevailing hourly rates" in the district in which the district court sits. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546 (2010); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 183, 190 (2d Cir. 2008). This method generates a "presumptively reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting Arbor Hill, 522 F.3d at 190).[3]

---

[3] Although there is some inconsistency in the use of "the traditional term 'lodestar'" as compared to the Second Circuit's preferred "presumptively reasonable fee," "[f]or all intents and

4

The first step in this process is to determine the "reasonable hourly rate." Arbor Hill, 522 F.3d at 190. In doing so, the court must "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees," including the so-called the Johnson factors.[4] Lilly v. City of New York, 934 F.3d 222, 229-30, 233 (2d Cir. 2019) (emphasis omitted) (quoting Arbor Hill, 552 F.3d at 190). That rate is then multiplied by "the number of hours reasonably expended" in litigating the case. Id. at 230. In "extraordinary circumstances," a district court may adjust the resulting amount if the fee does not adequately account for a factor properly under consideration. Id. Factors "already subsumed in the [initial] calculation," however, generally may not be used to "enhance or cut the lodestar amount."[5] Id. at 231; Perdue, 559 U.S. at 553.

---

purposes, the two terms mean the same thing." Lilly v. City of New York, 934 F.3d 222, 229 n.33 (2d Cir. 2019).

[4] The twelve Johnson factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Arbor Hill, 522 F.3d at 186 n.3 (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)).

[5] The parties do not strictly adhere their arguments to the framework set forth in Lilly, 934 F.3d 222. Accordingly, to the extent

5

At the end of the day, the "essential goal" is "to do rough justice, not to achieve auditing perfection," as "the determination of fees 'should not result in a second major litigation.'" Fox v. Vice, 563 U.S. 826, 838 (2011) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). The district court "is not obligated to undertake a line-by-line review of [the prevailing party's] extensive fee application," Marion S. Mishkin L. Off. v. Lopalo, 767 F.3d 144, 150 (2d Cir. 2014), but rather "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time," Fox, 563 U.S. at 838. Finally, "[t]he party seeking attorneys' fees bears the burden of demonstrating that the claimed rate and number of hours are reasonable." Pascuiti v. New York Yankees, 108 F. Supp. 2d 258, 266 (S.D.N.Y. 2000)

### 1. Hourly Rate

Defendants argue that the claimed hourly rates for two of the attorneys for whom compensation is sought, Ahmad Keshavarz and Emma Caterine, are unreasonable. See Fee Opp. at 5-6. Keshavarz, who was the principal attorney on the case, requests fees at a rate of $550 per hour. See Keshavarz Billing Records at 1, Ex. B, ECF No. 85 ("Keshavarz Billing"). Caterine requests fees at a rate of $350 per hour. Id.

---

that the parties argue that the Johnson factors either support the claimed award or require a reduction in the awarded fee, the Court considers those arguments as bearing on the either the reasonableness of the claimed hourly rates or the reasonableness of the hours expended.

A reasonable hourly rate is "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, F.3d at 190. The rate must be "in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam). The burden is on the party seeking the fee award "to produce satisfactory evidence" to justify "the reasonableness of the requested rate or rates." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

Starting with attorney Keshavarz, the Court finds that an hourly rate of $500, rather than $550, is reasonable. Keshavarz has over 20 years of practice experience, including substantial experience undertaking consumer protection work, including under the FCRA and other similar statutes. See Declaration of Ahmad Keshavarz for Attorney's Fee Award ¶¶ 12, 13, Ex. A, ECF No. 85 ("Keshavarz Decl."). He has brought 150 consumer protection lawsuits in federal court, a substantial proportion of which have been prosecuted in this District. Id. ¶¶ 19-22. He also regularly conducts legal training on the FCRA and other consumer protection statutes. Id. ¶ 26.

Keshavarz's hourly rate was most recently approved by this Court in 2016 at $400 per hour. See Samms v. Abrams, 198 F. Supp 3d. 311, 319 (S.D.N.Y 2016). Given that he has accumulated nearly a decade of additional experience, and the "assum[ption] that attorney rates

increase with inflation," an increase in his hourly rate since 2016 is warranted. N.G.B. v. New York City Dep't of Educ., No. 21-cv-11211, 2023 WL 2711753, at *10 (S.D.N.Y. Mar. 30, 2023); see also, e.g., Rubin v. HSBC Bank USA, NA, 763 F. Supp. 3d 233, 242-44 (E.D.N.Y 2025) (adjusting attorneys' hourly rates to comport with inflation).

The Court finds, however, that plaintiff's evidence does not adequately support the claimed hourly rate of $550. Although plaintiff has submitted declarations from other practitioners attesting to the reasonableness of Keshavarz's claimed rate, those declarations do not indicate that $550 per hour is consistent with prevailing rates in this District for similar work. See, e.g., Hancock v. I.C. Sys., Inc., 592 F. Supp. 3d 250, 256 (S.D.N.Y. 2022) (reasonable hourly rates for partners in Fair Debt Collection Practices Act (FDCPA) cases range from $300-$450); Lichter v. Bureau of Accts. Control, Inc., No. 19-cv-04476, 2021 WL 5115259, at *5 (S.D.N.Y. Nov. 2, 2021) (awarding $450 hourly rate to partner in FDCPA case). Nonetheless, given Keshavarz's recognized expertise in the field, and the fact that this case involved a novel type of FCRA claim, the Court finds that an hourly rate of $500 is reasonable. See Crowhurst v. Szczucki, No. 16-cv-0182, 2020 WL 133509, at *2 (S.D.N.Y. Jan. 11, 2020) ("The Court of Appeals for the Second Circuit specifically re-affirmed the propriety of using the novelty or complexity of a case as a factor in determining an attorney's reasonable hourly rate." (citing Lilly, 934 F.3d at 231-32)).

Defendants' primary objection to Keshavarz's proposed rate is that he cannot justifiably bill $175 per hour more than Andrew Milz, the "lead trial counsel." Fee Opp. at 6. However, Milz billed at a rate of $595 per hour, an hourly rate that is in fact $45 higher than that billed by Keshavarz. See Plaintiff's Memorandum of Law in Support of Her Petition for Attorney Fees and Costs at 14, ECF No. 85 ("Fee MOL"); Fee Reply at 7. The alleged discrepancy in the rates therefore provides no basis for reducing Keshavarz's hourly rate. Additionally, although defendants call into question whether Keshavarz is the "skilled litigator" that plaintiff's filings make him out to be, defendants have not disputed any of the material aspects of Keshavarz's extensive practice experience. Accordingly, the Court finds that an hourly rate of $500 is reasonable.

As for attorney Caterine, the Court is not persuaded that a $350 hourly rate is reasonable. When she began billing, she had been admitted to practice only two years. See Keshavarz Billing at 4; Declaration of Emma Caterine ¶ 4, Ex. J, ECF No. 85 ("Caterine Decl."). The bulk of her billing, for depositions and work on the summary judgment motion, occurred between October 2022 and April 2023, at which point she had under four years of practice experience, placing her experience on par with that of a more experienced junior or mid-level associate. See Keshavarz Billing at 2, 10-19.

Recent decisions from courts in this District reflect "a range of reasonable hourly rates for midlevel and junior associates between $225 and $325." Z.H. v. N.Y.C. Dep't of Educ., No. 23-cv-3081, 2024

WL 3385690, at *4 (S.D.N.Y. July 12, 2024); see also Sharbat v. Iovance Biotherapeutics, Inc., No. 20-cv-1391, 2024 WL 2078390, at *8 (S.D.N.Y. May 9, 2024) ("For associates with three or less years of experience, courts generally approve rates ranging from $180 to $355 per hour). Moreover, plaintiff's fee application does not shed light on any additional aspects of Caterine's professional experience that would warrant compensation on the higher end of what is typically awarded for attorneys with a similar number of years of experience. Indeed, attorney Miller, who joined the firm in 2024 with thirteen years of practice experience, nearly all in the field of consumer protection law, is requesting an hourly billing rate of $375. See Declaration of Judith Miller ¶¶ 9, 15, Ex. M, ECF No. 85; Keshavarz Billing at 1. The Court therefore concludes that a moderate reduction in Caterine's billing rate to $300 per hour is reasonable, given her relatively limited experience, and the rates at which the firm's other attorneys billed.

As to the claimed hourly rates for the remaining attorneys, the Court declines to "independently scrutinize" those rates, as defendants have not challenged their reasonableness. See Cerco Bridge Loans 6 LLC v. Schenker, 768 F. Supp. 3d 559, 589-90 (S.D.N.Y. 2025).

### 2. Hours Expended

In addition to disputing the reasonableness of the claimed hourly rates, defendants broadly contend that plaintiff's counsel prolonged the litigation in various ways, unreasonably inflating the number of hours expended. Defendants' complaints are many but roughly accuse

Keshavarz of failing to engage in good-faith settlement negotiations, advancing unsustainable claims, manufacturing discovery disputes, and overall submitting a high number of "wasteful and frivolous" billing entries. See Fee Opp. at 6.

The court's task in reviewing the claimed hours is to make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). "[T]he essential inquiry is whether a reasonable attorney would have expended similar hours in pursuit of the case." Gonzalez v. Scalintella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

If the court finds that any of the hours expended were "excessive, redundant, or otherwise unnecessary," it should reduce the time for which compensation is awarded. Hensley, 461 U.S. at 434. This can mean excluding time spent on unsuccessful claims, as well as time spent on "inefficient or duplicative" work. Gonzalez, 112 F. Supp. 3d at 29. In doing so, a court may "use a percentage deduction as a practical means of trimming [the] fat." McDonald, 450 F.3d at 96; see also, e.g., Days Inn Worldwide, Inc. v. Amar Hotels, Inc., No. 05-cv-10100, 2008 WL 2485407, at *10 (S.D.N.Y. June 18, 2008) (reducing award by 75% because the bill was "grossly excessive relative to the nature of the work performed").

Plaintiff documents, and requests compensation for, roughly 1,000 hours of work. See Keshavarz Billing at 1; Certification of Andrew M. Milz at 16-17, Ex. D, ECF No. 85 ("Milz Billing"); Fee Reply at 3.

11

Defendants contend that the award should be significantly reduced, and, in particular, request that the award be reduced to compensate for only the work done before defendants made their first settlement offer in July 2022, or at the latest, one of their subsequent settlement offers. In the alternative, defendants contend that any additional hours should be reduced by 50 percent. See Fee Opp. at 20.

The Court declines to reduce the number of hours billed to categorically exclude work undertaken after defendants' various settlement offers. "Absent a showing of bad faith, 'a party's declining settlement offers should [not] operate to reduce an otherwise appropriate fee award.'" Ortiz v. Regan, 980 F.2d 138, 141 (2d Cir. 1992) (quoting Cowan v. Prudential Ins. Co. of Am., 728 F. Supp. 87, 92 (D. Conn. 1990), rev'd on other grounds, 935 F.2d 522 (2d Cir. 1991)); see also Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 542 (S.D.N.Y. 2008) ("Nor is it appropriate to reduce the lodestar on the grounds that the plaintiff might have settled earlier."). Rule 68 sets forth the only circumstance in which the rejection of a settlement offer operates to cut off a party's entitlement to fees.[6] See Rozell, 576 F. Supp. 2d at 542-43; see also Marek v. Chesny, 473 U.S. 1, 9

---

[6] Rule 68 provides in pertinent part: "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed. R. Civ. P. 68.

(1985) (extending Rule 68's operation to the award of attorney's fees.) But defendants, unsurprisingly, do not contend that Rule 68 applies directly in this case, as, even though their settlement offers were made pursuant to that rule, "the judgment finally obtained" by plaintiff was more favorable than any of the settlement offers defendants had made prior.[7] See Fed. R. Civ. P. 68 (precluding the recovery of fees if "the judgment finally obtained . . . is not more favorable than the [rejected] offer"); see also NAACP v. Town of East Haven, 259 F.3d 114, 122 (2d Cir. 2001) ("[I]t is a mistake of law to reduce an award of attorneys' fees . . . in response to a plaintiff's rejection of a defendant's settlement offer when the subsequent judgment exceeds that offer." (quoting Coutin v. Young & Rubicam P.R., 124 F.3d 331, 351 (1st Cir. 1997))). Accordingly, Rule 68 provides no basis for declining to award attorney's fees after any of the dates specified by defendants.

The Court also is not persuaded that plaintiff's rejection of the various settlement offers was in bad faith. Plaintiff has produced evidence that she instructed her counsel to reject each of those

---

[7] Defendant's first Rule 68 settlement offer was made on July 20, 2022, in the amount of $5,010.00 plus reasonable attorney's fees incurred to date. See Offer of Judgment, Ex. R, ECF No. 85. A second offer was made on February 3, 2023, in the amount of $45,000, inclusive of attorney's fees. See Ex. Q, ECF No. 85. On July 24, 2025, defendants increased their offer to $50,100.00 plus reasonable attorney's fees. See Offer of Judgment, Ex. 10, ECF No. 88. Finally, on August 9, 2024, defendants made their final Rule 68 settlement offer for $100,100.00 plus fees. See Offer of Judgment, Ex. 9, ECF No. 88. The settlement finally entered awarded plaintiff $120,000.00 plus reasonable attorney's fees. See Consent Judgment, ECF No. 81.

13

offers. See Fee Reply at 8. Moreover, although communications between the parties about the possibility of mediation and/or settlement were terse and somewhat tense, both parties appear to have contributed to the tenor of those exchanges by stating non-negotiable demands about the circumstances in which they would agree to mediation and/or settlement. See, e.g., Ex. 5 at 1, ECF No. 88 (stating that "[d]efendants do not, and will not, agree to mediation before Mr. DiBenedetto, period"); id. at 2 (email from plaintiff's counsel stating that "[t]his is not an invitation to further negotiation on the terms of mediation"). Accordingly, the Court will not categorically exclude from compensation the hours billed after defendants' various settlement offers on account of bad faith.

Defendants also argue that the fee award should be substantially reduced because plaintiff was not successful on all her claims. Plaintiff's ultimate monetary recovery was, however, substantial, indicating her overall success in this litigation. The fact that "certain claims fell by the wayside during the course of litigation" does not require a proportionate reduction in the fee. Rozell, 576 F. Supp. 2d at 542. There is no indication that the recovery would have been substantially different, and plaintiffs may in general recover fees for time spent on unsuccessful claims that are sufficiently related to successful ones. See Samms, 198 F. Supp. 3d at 320; see also Lunday, 42 F.3d at 134 ("So long as plaintiff's unsuccessful claims are not wholly unrelated to the plaintiff's successful claims, hours spent on the unsuccessful claims need not be excluded from the

14

[reasonable fee] amount."). This is so because when multiple claims for relief "involve a common core of facts" or are "based on related legal theories[,] [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." Hensley, 461 U.S. at 435; see also Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1997).

Each of plaintiff's claims arise from the "common core of facts" that surround LaForest's alleged use of her identity to purchase a car from defendants. It would therefore be impracticable to separate out the hours dedicated to advancing each claim asserted, and the Court declines to reduce the award in that manner. Nonetheless, in determining whether the overall number of hours billed was reasonable, the Court will take into consideration the fact that some of the hours expended were on unsuccessful claims. See, e.g., Doe v. Rye Sch. Dist., No. 22-cv-08898, 2024 WL 1955536, at *9 (S.D.N.Y. May 3, 2024) (noting that the court could not "clearly demarcate" time spent on successful and unsuccessful claims that involved common factual questions but deeming it nonetheless appropriate to impose a percentage deduction to account for plaintiff's partial success).

Finally, the Court notes that although defendants repeatedly emphasize the small value of plaintiff's claims, the disproportionality between the "financial value" of a case and the fees requested is not, in and of itself, a reason to reduce the award. See Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005); see also Millea, 658 F.3d at 168 ("Absent a purely technical victory

15

in an otherwise frivolous suit, litigation outcomes are only relevant to fee award calculations when they are a direct result of the quality of the attorney's performance."). This is particularly so in the context of consumer protection statutes, such as the FCRA, which were "enacted in part to secure legal representation for plaintiffs whose . . . injury [is] too small, in terms of expected monetary recovery, to create an incentive for attorneys to take the case under conventional fee arrangements." Hancock, 592 F. Supp. 3d at 255 (quoting Rivera v. Corp. Receivables, Inc., 540 F. Supp. 2d 329, 338 (D. Conn. 2008)); see also Kassim, 415 F.3d at 252. Thus, even if plaintiff's recoverable damages were "minimal," as defendants contend, that would not render the number of hours expended unreasonable or require reducing the fee award. Fee Opp. at 2; see also Millea, 658 F.3d at 154 ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery").

After carefully reviewing plaintiff's billing records, the Court nonetheless concludes that various deductions are warranted to account for the excessiveness of time billed on certain tasks, the billing of certain tasks at an attorney rate rather than the otherwise used "Para by Atty" rate, and the time spent advancing unsuccessful claims.

Plaintiff's counsel billed a total of 43.4 hours for work on the initial and amended complaints. See Keshavarz Billing at 2. The Court finds this number to be excessive for an attorney experienced in this area of the law, even taking into account the relative novelty of the

16

theory of liability advanced by plaintiff under the FCRA. Additionally, plaintiff's initial complaint included two claims that she later dropped from her amended complaint, after defendants had moved to dismiss those claims. Accordingly, the number of hours billed for work on the complaint weighs in favor of an overall reduction in the award.

Likewise, plaintiff's counsel billed 267.1 hours for depositions and discovery, with small deductions to the requested amount made in the exercise of billing judgment. See Keshavarz Billing at 2; Fee MOL at 18. Given the relatively narrow nature of the factual disputes in this case, the hours spent on discovery were excessive. Additionally, even though plaintiff's lack of success on various discovery motions does not, as defendants contend, require disallowing fees for those disputes, some of the billing entries associated with those disputes are excessive and provide further reason to reduce the reasonable number of hours. See Rozell, 576 F. Supp. 2d at 538 ("[A] court should not disallow fees for every motion that a prevailing party did not win."); see also, e.g., Keshavarz Billing at 9 (billing 1.4 hours for call with opposing counsel, 1.6 hours for "[r]eviewing . . . correspondence with opposing counsel," and 0.6 hours for "[d]rafting application to Court to hold discovery conference" not permitted under the Court's Individual Rules).

As for the 234.43 hours spent on the oppositions to the motions to dismiss, the motion for summary judgment, and the motion for reconsideration, the Court notes that these numbers are relatively high for an experienced attorney in a factually straightforward case

17

involving just two claims. And, as noted above, the Court granted partial summary judgment to the defendants, meaning that at least some of this time was expended developing and defending unsuccessful claims.

Some of the time entries, moreover, indicate duplicative work by attorneys Keshavarz and Caterine, or else an excessive amount of time spent on individual tasks given the purported expertise of counsel. Additionally, other time entries billed at attorney rates should have been more appropriately billed at the otherwise-used "Para by Atty" rate. See, e.g., Keshavarz Billing at 5 (billing at an attorney rate for "download[ing]" documents and "[c]alendaring" case deadlines). These considerations likewise weigh in favor of a reduction in the reasonable number of hours expended.

Finally, the nearly 130 hours billed for work on the fee application is grossly excessive, even taking into account counsel's discretionary billing reductions. See Keshavarz Billing at 2; Milz Billing at 24; Fee Reply a 3. Time spent on the "preparation of [a] fee application [is] compensable." Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1183 (2d Cir. 1996); see also Hines v. City of Albany, 862 F.3d 215, 223 (2d Cir. 2017) ("Prevailing parties [are] . . . entitled to recover a reasonable fee for preparing and defending a fee application."). However, counsel has experience filing fee applications in similar cases in this District and has not explained why so much time was necessary to file the fee application here. See, e.g., Samms, 198 F. Supp 3d at 322 (concluding that the 41.9 hours spent on a fee application by the same attorney was excessive).

18

Rather than calculate line-by-line reductions, however, the Court determines that an overall 30 percent reduction in the number of compensable hours is warranted to account for each of the considerations enumerated above.

### 3. Presumptively Reasonable Fee

Taking into account these adjustments, the reasonable rates and hours result in a "presumptively reasonable fee" of $264,561.91.[8] Lilly, 924 F.3d at 229. No "extraordinary circumstances" are present that warrant a further adjustment of this award. See id. at 130. Accordingly, the Court grants plaintiff's request for attorney's fees in the reduced amount of $264,561.91.

---

[8] The Court's calculation is based on applying the reduced hourly rates and the 30 percent across-the-board reduction in hours to the fees actually requested by plaintiff, exclusive of any discretionary billing deductions. The breakdown of the fee awarded is as follows:

| Attorney | Fee Awarded |
| --- | --- |
| Para by Atty | $791.00 |
| A. Keshavarz | $146,921.21 |
| E. Caterine | $64,241.90 |
| N. Moore | $3,353.00 |
| J. Miller | $17,997.00 |
| A. Milz | $29,155.00 |
| J. Lopez-Jacobs | $1,446.90 |
| E. Flitter | $277.55 |
| J. Raughley (Paralegal) | $378.35 |

19

**B. Costs**

The Court also grants plaintiff's request for $22,111.18 in costs, which defendants have not opposed.[9] "[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir.1998) (alteration in original) (internal quotation marks omitted).

**III. Conclusion**

Based on the foregoing, plaintiff's application for an award of attorneys' fees and costs is granted to the extent that defendants shall pay $264,561.91 in attorney's fees and $22,111.18 in costs.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:    New York, NY
          September 23, 2025          _____
                                      JED S. RAKOFF, U.S.D.J.

---

[9] Even though defendants argue that the Court should "reduc[e] Plaintiff's fee award from $423,577.80[, the amount originally requested inclusive of costs,] to $18,975.00," defendants nowhere dispute or even mention plaintiff's request for costs. See Fee Opp. at 23. Accordingly, the Court considers that request to be unopposed.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-----------------------------------------------------------------X
FARAH JEAN FRANCOIS,

                              **Plaintiff,**

        - against –                              **Docket No.: 25-2810**

SPARTAN AUTO GROUP LLC d/b/a VICTORY
MITSUBISHI, STAVROS ORSARIS, YESSICA
VELLEJO, and DAVID PEREZ,

                              **Defendants.**
-----------------------------------------------------------------X

### ADDENDUM "B" TO PRE-ARGUMENT STATEMENT (FORM C)

Appellants submit to issue the following"

**(i)**     Plaintiff's counsel litigated this case to a point far exceeding anything
"reasonable" under the facts and circumstances, especially considering the
minimal degree of damages that were in issue. That alone warranted a significant
and sizeable reduction – far more than the District Court incorrectly determined
as appropriate.. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of
Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182 (2d Cir. 2008); and

**(ii)**    Pursuant to the standards and Lodestar factors set forth in Johnson *v. Ga.
Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the amount of the fees
awarded by the District Court fail to satisfy at least 6 of the standards set forth
therein. To wit (a) the amount involved and results obtained, (b) the amount
involved and results obtained, (c) the preclusion of other employment , (d) the
experience, reputation of the attorneys, (e) reasonableness of hourly rates and (f)

total legitimate time and labor involved, discretionary reductions, settlement attempts, and lodestar sought

(iii)    Plaintiff's counsel has a prior record of systematically overworking and overbilling a straightforward case for minimal damages and refusing to negotiate while building up outsized fees.  Indeed, the same District Court appealed from here, slashed value claim. *Samms v. Abrams,* 198 F. Supp. 3d 311, 319 (S.D.N.Y., 2016); and

(iv)    The expenditures claimed by Plaintiff's counsel do not bear a reasonable, or even rational, relationship to the merits of Plaintiff's case and especially to her alleged damages. *Farrar v. Hobby*, 506 U.S. 103 (1992). These failures warrant significant reductions in any fee award herein. *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983). Plaintiff's attorney fee award should be reduced/reset to $18,975.00,

J.L. Russo,  P.C.

*John L. Russo*

Attorneys for Defendants
SPARTAN AUTO GROUP LLC
d/b/a VICTORY MITSUBISHI,
STAVROS ORSARIS, YESSICA
VELLEJO, and DAVID PEREZ
3119 Newtown Avenue, Suite 500
Astoria, NY 11102
(718) 777-1277
JLRussope@gmail.com