# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

March 10, 2026

**VIA ECF**

Second Circuit Court of Appeals
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

> Re: **Plaintiff-Appellee's Opposition to Defendant-Appellant's Motion for Extension of Time [Dkt. No. 29]**
> ***Francois v. Victory Auto Group LLC*, 25-2810**

Dear Clerk:

The undersigned represents Plaintiff-Appellee in this action. I write to oppose Defendant-Appellant's Motion for Extension of Time, filed March 6, 2026. Defendant-Appellant's motion for extension should be denied for myriad reasons, but three are especially clear from the Second Circuit's Local Rule 27.1.

As a preliminary matter, Rule 27.1(b) requires counsel to confer with opposing counsel before filing any motion, in order to ascertain (and state in their motion) "opposing counsel's position on the relief requested" and "whether opposing counsel intends to file a response to the motion". Defendant-Appellant's motion here acknowledges ignorance of Plaintiff-Appellee's position and intent to respond, because Defendant-Appellant's counsel states in his Declaration in Support that he merely "advised Appellee's Attorney […] of our request to extend the time for filing appellant's brief and appendix," without obtaining Plaintiff-Appellee's position on the motion or ascertaining whether Plaintiff-Appellee intended to file a response, as required by Rule 27.1(b).

More fundamentally, Rule 27.1(f)(1) specifies that motions for extension of time to file briefs are to be viewed with extreme skepticism; "[a]bsent an extraordinary circumstance, such as serious personal illness or death in counsel's immediate family, the court **will not grant a motion to extend the time to file a brief**" (emphasis added.) Defendant-Appellant's plainly defective extension motion offers no such extraordinary circumstance, nor any reason at all for the requested extension other than "to ensure that counsel can devote sufficient time and attention to the preparation of a thorough and effective brief" and because Defendant-Appellant "may consider a settlement of the case prior to perfecting the filed appeal." Dkt No. 29 p. 2 ¶¶3, 6. Neither of these flimsy reasons meet the high bar set by Rule 27.1(f)(1) and the cases interpreting it.

Finally, the relief requested is extraordinary itself: a six-week extension of time to file a brief. This Court is reluctant to grant any extensions of time, much less flagrantly unreasonable requests such as an essentially unexplained one for an abnormally long period of time. *See e.g. RLI Ins. Co. v. JDJ Marine, Inc.*, 716 F.3d 41 (2d. Cir. 2013). *RLI Ins. Co.* is instructive here: in

that case, a six-week extension had previously been granted to the appellant—due to Hurricane Sandy striking the offices of appellant's counsel, illustrating the sort of extraordinary circumstances required to obtain an extension of such extraordinary length. *RLI Ins. Co.*, 716 F.3d 41, 42.

For these reasons, Appellant's application should be denied. Plenty of time remains for Appellant to meet the long-set deadline of March 16.

Respectfully,
/s/
Ahmad Keshavarz

Cc: all counsel via ECF